## CASTLES *v.* WELCH.

The course of proceeding in bastardy cases is so far criminal that the warrant may be served by an officer authorized to serve warrants in criminal cases; and the defendant's recognizance for his appearance at court may be taken to the state.

COMPLAINT FOR BASTARDY, returnable before the police court of Pembroke. The defendant moved there, and seasonably renewed the motion here to dismiss the complaint because it was served by a police officer, such an officer having no authority to serve the process. He also moved to dismiss the complaint because the police court exceeded its authority in taking the recognizance, it having been taken, as in criminal cases, to the state. Both motions were overruled, and the defendant excepted.

*C. A. Gallagher* and *H. G. Sargent*, for the plaintiff.

*N. E. Martin* and *A. F. Burbank*, for the defendant.

SMITH, J. A proceeding under the bastardy act is a civil suit. *Marston* v. *Jenness*, 11 N. H. 156; *Harris* v. *County of Sullivan*, 15 N. H. 81; *Little* v. *Dickinson*, 29 N. H. 56; *Stokes* v. *Sanborn*, 45 N. H. 274; *Richmond* v. *Bowen*, 54 N. H. 99. But the forms of the proceeding are in most particulars of a criminal character. "It is founded upon a complaint made under oath. It is commenced by a criminal capias or warrant. * * * It is returnable to a court of inquiry. The officer making the arrest cannot take bail. The defendant is bound to answer *instanter* upon being brought before the magistrate; and if there is probable cause for prosecution he is bound over for trial, and upon his failure to give bonds [recognize] he is committed." *Hill* v. *Wells*, 6 Pick. 104, 107; *Marston* v. *Jenness*, 11 N. H. 156, 160. The warrant is made returnable in the county in which the offence is alleged to have been committed, or in which the respondent resides, and unless discharged, he is bound over for trial in the county in which the offence is charged to have been committed. G. L., *c.* 84, *ss.* 1, 2. The object of the statute is to cause the respondent to furnish indemnity to the town, and to contribute to the mother of the child for its support. The course of the procedure in the police or justice's court is so far criminal that the warrant may be served by a police officer authorized to serve warrants in criminal cases. G. L., *c.* 254.

The recognizance was properly taken to the state. The security is taken for the appearance of the respondent at the proper court. *Stokes* v. *Sanborn*, 45 N. H. 274, 277.

*Exceptions overruled.*

BINGHAM, J., did not sit: the others concurred.