Rockingham, }
  Oct. 7, 1930. }

JESSIE MAY SAUNDERS *v.* ANNA FREDETTE.

*Perley Gardner* (by brief and orally), for the plaintiff.

*John W. Perkins* and *William H. Sleeper* (*Mr. Sleeper* orally), for the defendant.

SNOW, J. The record presents the question of the competency and sufficiency of the evidence received in proof of the plaintiff's illegitimacy.

Under the older common law, every child born of a married woman was presumed to be legitimate, unless the husband was impotent or had been beyond the "four seas" during the possible period of gestation. 5 Wig., Ev. 2527. This presumption was conclusive and evidence to the contrary was inadmissible. Ib; 33 Harv. Law Rev. 306. This adamant rule early gave way to a more liberal doctrine which permitted other proof of the want of access of the husband to the mother during the time when by the course of nature he could have been the father of the child. *In re Banbury Peerage*, 1 Sim. & Stu. 153, 154; *Phillips* v. *Allen*, 2 Allen 453, 454; Thayer, Prelim. Treat. Ev. 540.

While cases are to be found which hold that under the liberalized · doctrine there must still be proof "that procreation by the husband was impossible" (*Bullock* v. *Knox*, 96 Ala. 195, 198; *Patterson* v. *Gaines*, 6 How. 550, 589; *Powell* v. *State*, 84 Oh. St. 165, 169) the better opinion, supported by a greater weight of authority, is that it need not·go to that extent. *Stegall* v. *Stegall*, 2 Brock. 256, 269; *Van Aernam* v. *Van Aernam*, 1 Barb. Ch. 375, 378; *Wilson* v. *Babb*, 18 S. C. 59, 69; *State* v. *Shaw*, 89 Vt. 121, 124, 126; 3 R. C. L. Bastards, *s.* 8. The more commonly accepted statement of the facts which will overcome the presumption under the modern doctrine, is that of Lord *Langdale* in *Hargrave* v. *Hargrave*, 9 Beav. 552, 555 in which he says that the presumption of legitimacy of a child born in wedlock "may be wholly removed by proper and sufficient evidence, shewing that the husband was: 1. Incompetent; 2. Entirely absent, so as to have no intercourse or communication of any kind with the mother; 3. Entirely absent, at the period during which the child must, in the course of nature, have been begotten; or, 4. Only present under such circumstances as afford clear and satisfactory proof that there was no sexual intercourse." This rule has been generally accepted by American courts. *Wallace* v. *Wallace*, 137 Iowa 37, 44; *Scanlon* v. *Walshe*, 81 Md. 118, 130; *Phillips* v. *State*, 82 Ind. App. 356, 360; *Kreighbaum* v. *Dinsmore*, 88 Ind. App. 693, 696; *Estate of McNamara*, 181 Cal. 82, 103; 3 R. C. L., Bastards, *s.* 7.

A greater difference of judicial opinion, however, is apparent upon

the question of what constitutes such "sufficient evidence" or ".clear and satisfactory proof" of non-access, or more succinctly, as respects the degree of persuasion required. Although there are authorities to the contrary (*Wright* v. *Hicks*, 12 Ga. 155, 160, 162) the nearly universal opinion is that proof of non-access is not sustained by a mere balance of probabilities. *Van Aernam* v. *Van Aernam, supra,* 377; *Orthwein* v. *Thomas,* 127 Ill. 554, 563; *Estate of McNamara, supra,* 97; *In re Findlay,* 253 N. Y. 1; 33 Harv. L. Rev. 306. On the contrary, the presumption of legitimacy is said to be one of the strongest known to the law. 1 Jones, Com. Ev. *s.* 64; *Mayer* v. *Davis,* 103 N. Y. Supp. 943, 945; *In re Findlay, supra.* This means that, besides performing its essential function as a rule of evidence, the presumption, like that of innocence, is accompanied by another rule (of substantive law) fixing the required measure of proof. Thayer, Prelim. Treat. Ev. *pp.* 336, 337, 563, 576. The side rule measuring the degree of proof necessary to overcome the presumption of legitimacy, however, has attained no such uniformity in expression as that required to rebut the presumption of innocence, *i.e.* "proof beyond a reasonable doubt." In fact, there is a wide variance in the expressions used in the decisions to designate the degree of proof necessary to overcome the former. 33 Harv. L. Rev. 307; 36 L. R. A. (N. S.) 256, *note, et seq.* In *Hargrave* v. *Hargrave, supra,* 555, it was said the evidence to rebut the presumption of legitimacy "ought . . . to be strong, distinct, satisfactory and conclusive." This language has been adopted, in whole or in part, by American courts in many cases. *Scanlon* v. *Walshe, supra,* 134; *Orthwein* v. *Thomas, supra,* 563; *Sugrue* v. *Crilley,* 329 Ill. 458, 464; *State* v. *Romaine,* 58 Ia. 46, 47, 48; *Bell* v. *Oklahoma,* 8 Okla. 75, 83; 8 Ency. Ev. 170. Other cases call for "irresistible evidence" (*Rhyne* v. *Hoffman,* 59 N. C. 335, 336), or "clear and irrefragable proof." *Caujolle* v. *Ferrie,* 23 N. Y. 90, 108.

The English cases, most commonly cited in support of the modern doctrine are: *In re Banbury Peerage Case,* 1 Sim. & Stu. 153, 158; *Head* v. *Head,* 1 Sim. & Stu. 150, 151; and *Morris* v. *Davis,* 5 Clark & Finnelly 163, 215. In the latter the court interprets the earlier cases as holding that to overcome the presumption the evidence must be "such as to exclude all doubt; that is, of course, all reasonable doubt in the minds of the Court or jury, to whom that question is submitted." It seems clear that the standard adopted in these cases is understood by the English courts to be the same as that required to rebut the presumption of innocence, namely, proof beyond "all . . . reasonable doubt." *Plowes* v. *Bossey,* 31 L. J. Ch. 681, 682; *Atchley*

v. *Sprigg*, 33 L. J. Ch. 345, 348; *State* v. *Shaw*, 89 Vt. 121, 129. The rule as thus early laid down has been followed by a large body of American cases. *Marshall*, C. J., in *Stegall* v. *Stegall*, 2 Brock. 256, 270; *Van Aernam* v. *Van Aernam*, 1 Barb. Ch. 375, 378; *Cross* v. *Cross*, 3 Paige 139, 140; *Mayer* v. *Davis*, 103 N. Y. Supp. 943, 945; *Phillips* v. *Allen*, 2 Allen 453, 454; *Taylor* v. *Whittier*, 240 Mass. 514, 517; *State* v. *Shaw*, *supra*, 129; *Egbert* v. *Greenwalt*, 44 Mich. 245, 250; *Estate of McNamara*, 181 Cal. 82, 97; *Powell* v. *State*, 84 Oh. St. 165; *Jackson* v. *Phalen*, 237 Mo. 142, 152. See Thayer, Prelim. Treat. Ev. 336; 1 Abbott, Trial Ev. (3d *ed.*) *p.* 273; Thayer, Cases on Ev., 46 *ed.'s note;* 33 Harv. Law Review 307.

The question of the degree of persuasion required to overcome the presumption of legitimacy has not before arisen in this jurisdiction, nor is it now necessary to lay down a rule which will control in all cases. Whatever degree of proof is required, the evidence here is sufficient under the modern doctrine, in whatever words it may be phrased, to support a finding that the plaintiff is not Edward's child.

Netilla was between ten and eleven years of age at the birth of the plaintiff and lived with her mother at her grandmother's house during the period of possible gestation. Her evidence was in effect that her parents had ceased to live together five years previous to the plaintiff's birth, never thereafter lived together or had anything to do with each other, and that, after the separation, the father did not live near her mother or come to their home. That the mother may have clandestinely met him elsewhere is but a remote possibility.

In view of the fact that the plaintiff's birth occurred six years after the separation, and within six months of the time the mother entered the household of another man to whom she was later unlawfully married and whose name the plaintiff took, the uncontradicted testimony of Netilla, who is found to be worthy of credit, affords an adequate basis under the extreme requirements of any modern test, for a finding that the husband had no access to the mother during the period of gestation. The ruling that it was sufficient to overcome the presumption of legitimacy is therefore sustained.

As the case is understood, the court has found, independently of and excluding Edward's declarations, and solely from Netilla's testimony of Edward's absence during the period of gestation and the corroborating circumstances, that the plaintiff is not his child. It therefore becomes unnecessary to decide the question discussed at length by counsel as to the admissibility of the declarations (*Melvin* v. *Melvin*, 58 N. H. 569, 570; *Corson* v. *Corson*, 44 N. H. 587; see 4

Wig. Ev. *ss.* 2063, 2064; 75 U. Pa. L. Rev. 271-273; *Taylor* v. *Whittier, supra,* 516; *Wallace* v. *Wallace,* 137 Iowa 37, 45, 46, 47; *Palmer* v. *Palmer,* 79 N. J. Eq. 496, 499; 60 A. L. R. 380 *et seq.*), and the same has not been passed upon.

Consonant to the record the order here must be

*Plaintiff's petition dismissed.*

All concurred.