Portsmouth Municipal Court,
No. 5062.

STATE by HELEN COTE, Complainant

*v.*

HENRY E. COTE.

Argued November 7, 1962.

Decided December 28, 1962.

*Boynton, Wyman & Dill* (*Mr. Wyman P. Boynton* orally), for Helen Cote.

*William Maynard,* Attorney General, and *Alexander J. Kalinski,* Assistant Attorney General (*Mr. Kalinski* orally), for the State of New Hampshire.

*John J. Wholey* (by brief and orally), for the defendant.

BLANDIN, J. The question before us is whether the admitted father of three illegitimate children, who has not been found chargeable under the bastardy statute (RSA 168:1 (supp), 4) may be found guilty upon a complaint under RSA 460:23 (supp). The parties have agreed upon the following facts:

Henry E. Cote and Helen Cuvellier Morey set up housekeeping in Portsmouth in August, 1951, without having been married. They moved about to several different addresses, all in Portsmouth,

finally settling at 35 South Mill Street, where Helen and the children now remain. Mr. Cote moved out in August, 1960. While they lived together there were three children born, the birth certificates reciting Henry E. Cote as father and Helen C. Cuvellier as mother. All three children were born in Portsmouth and the returns of their births were filed with the city clerk there.

At all times from August, 1951, until he moved out nine years later in August, 1960, the defendant paid the rent. He also paid the hospital expenses of Helen and visited her while she was in the hospital at the birth of the three children. During the entire period that Henry and Helen lived together, she was known as Mrs. Cote to all the neighbors. The defendant introduced her to others as his wife, the children were acknowledged by him to be his, and were entered in school under his name. No bastardy proceedings were ever brought at any time to charge the defendant as being the father of the children. It is agreed that there are necessitous circumstances.

RSA 460:23 (supp), under which the complaint is brought, reads as follows: "If any husband or father shall neglect to maintain his wife or children when such wife or children are dependent upon his earnings for support, or neglects his employment or misspends his earnings so as not to provide for the support of his wife or children, he shall be imprisoned not more than one year, or fined not more than one hundred dollars, or both; such fine, if any, to be paid or applied in whole or in part to the support of the wife or children as the court may direct."

In 1961 Annual Survey of American Law 467 it is stated that "no pot boils a more purulent mess than the one reserved for family problems." The situation before us presents an outstanding example of this truism. The father here, during a nine-year period, has raised, acknowledged as his own, and supported his three children. He has also supported their mother, maintaining an establishment with all the outward indicia of marriage, although —apparently unknown to outsiders—it was without the benefit of clergy. After nearly a decade of family life, the defendant apparently decided that such togetherness was not for him, nor was it for him to bear any further responsibility toward his three children, but rather for others to do so. He thereupon moved out, leaving his children in necessitous circumstances or, so far as he was concerned, in layman's language, without food, clothing or shelter.

He bases his defense mainly on *State* v. *Byron,* 79 N. H. 39, where upon an indictment under Laws 1913, *c.* 57, *s.* 1, the forerunner of RSA 460:23 (supp), the court held that the alleged father of an illegitimate child could not be found guilty unless he had first been held chargeable for the child's support as its actual father under the bastardy statute (P.S., *c.* 87, *s.* 1, now RSA 168:1 (supp)). The opinion states that "in the absence of a statute or contract, giving him the right to custody or imposing upon him the duty of support" no prosecution under Laws 1913, *c.* 57, *s.* 1, could be maintained.

The *Byron* opinion, in turn, rests substantially upon the rationale of *Kelley* v. *Davis,* 49 N. H. 187 (1870). There the court said that absent a contractual or statutory duty, a father is under no obligation to support his children. The reason was alleged to be that "the common law considered moral duties of this nature as better left in their performance to the impulses of nature" and added that "the obligation of parental duty is so well secured by the strength of natural affection, that it seldom requires to be enforced by human laws." *Id.,* 189. We agree that the impulses of nature demand no encouragement from the Legislature in stimulating fathers to aid in bringing children into the world. That the strength of natural affection seldom needs a reminder to make them support their children is a matter about which the increasing volume of nonsupport cases may well create skepticism. With this in mind, the Legislature has passed laws to the end that fathers, and even mothers as well, may be compelled to do their parental duty and support their children. Laws 1949, *c.* 178; RSA 460:23, 24 (supp), 28.

The holding in the *Byron* case, in the last analysis, appears to hinge upon the necessity for making certain that the real father is charged and of avoiding the errors and injustices which otherwise would result. In the case before us, it is true, as the defendant claims, that no proceedings under the bastardy statute can be maintained, as more than a year has elapsed since the birth of the last child. RSA 168:1 (supp). However, here the actual father has charged himself by his admissions and conduct as set forth in the agreed facts.

The statute under which the complaint before us is brought (RSA 460:23 (supp)) states plainly that "any . . . father" who neglects to support his needy children shall be penalized. It is not to be presumed that the Legislature intended this statute to be so con-

348

strued as to reach an unfortunate and even absurd result. See *Peterborough Savings Bank* v. *King*, 103 N. H. 206, 209. Such would be the case were we to hold the statute inapplicable and order the complaint dismissed, thus freeing an admitted father from a fundamental obligation.

The order is

*Remanded.*

All concurred.