Concord District Court
No. 6394

STATE OF NEW HAMPSHIRE *ex rel.* ALICE M. PATTEN

v.

RONALD MITTON *& a.*

January 31, 1973

*Paul A. Rinden,* by brief and orally, for plaintiff Alice M. Patten.

*Vincent J. Nardi,* by brief and orally, for defendant city of Concord.

Ronald Mitton *pro se,* filed no brief.

LAMPRON, J. The issue to be decided is whether the proceeds from the forfeiture of a bond posted as bail in the district court by a defendant in a bastardy proceeding can be ordered paid to the complainant to be applied toward her expenses of confinement and for the support of the child.

On May 15, 1969, the plaintiff filed a bastardy complaint against the defendant under the provisions of RSA ch. 168. He was arrested and released on surety bail of $500 to appear in the district court for a determination of whether there was probable cause to order him to further answer the complaint in the superior court. RSA 168:2. The defendant did not appear and was defaulted. The surety on the bail was notified and paid the $500 which was remitted to the city of Concord.

Thereafter the plaintiff filed a petition seeking an order

that the city pay the money to her to defray the expenses of confinement and support of the child. The motion was denied by *Matson*, J. who reserved and transferred plaintiff's exception. There was never any determination made as to the paternity of the defendant.

This court has long recognized that a proceeding under RSA ch. 168 is a civil suit which partakes of criminal forms of procedure. *State v. Tetreault*, 97 N.H. 260, 85 A.2d 386 (1952). The latter is especially true as to the complaint, the arrest of the defendant, and his release on bail before probable cause to proceed further is established. This process is usually applicable to criminal proceedings alone. *Marston v. Jenness*, 11 N.H. 156, 160 (1840); *Castles v. Welch*, 63 N.H. 369 (1885). The bail which the defendant furnished at this stage of the proceeding, like bail in a criminal case, was for the purpose of assuring his presence at a preliminary hearing on probable cause to proceed further in the superior court. If such cause was found, the district court could then order him "to recognize in a reasonable sum with sufficient sureties" to appear at the superior court for a determination as to the paternity of the child. RSA 168:2-4.

When the bail was forfeited in this case no legal obligation on the part of the defendant Mitton toward the complainant or her child had been established. Hence upon the forfeiture of his bail the city of Concord was entitled to the money. *See Belknap County v. Laconia*, 80 N.H. 251, 116 A. 434 (1922). The district court properly denied the plaintiff's motion that the money be paid to her by the city. RSA 597:38. A more efficient method of procedure in paternity cases has been established. RSA ch. 168-A. However it cannot apply to this case. RSA 168-A:12.

*Plaintiff's exception overruled.*

All concurred.