Hillsborough
No. 6773

### Barbara C. Watts v. Milton W. Watts

April 30, 1975

*James A. Connor,* for the plaintiff, filed no brief.

*William D. Tribble* and *Aaron A. Lipsky* and *Richard G. Smith (Mr. Smith* orally) for the defendant.

KENISON, C.J. The question presented by this action is whether a husband may escape liability for support of two minor children by attempting to disprove paternity through blood tests where he has acknowledged the children since their birth. Defendant's exception to the denial of his motion for blood tests made pursuant to RSA 522:1 (Blood Test to Determine Paternity, Authority for Test) was reserved and transferred by *Dunfey,* J.

Barbara and Milton Watts were married October 28, 1950. During the marriage four children were born: Alice, George, Dianne and Walter. In September 1971, Barbara filed for divorce on the ground of irreconcilable differences, requesting support as well as custody of the minor children Alice, Dianne and Walter. Milton retained custody of George. By a temporary order dated October 29, *Keller,* C.J., granted plaintiff custody of the three children and ordered defendant to pay support in the amount of $45 per week. *See* RSA 458:16 (Supp. 1973).

In August 1972, defendant moved to dismiss the temporary support order, alleging that Dianne and Walter "were born out of wedlock and are not the natural children . . . ." of Milton Watts. No challenge to paternity was made prior to this action. In its denial of the motion on August 28, the Trial Court *(King,* J.) ruled that defendant's allegation was "insufficient and improper in view of the fact that libelee [defendant ] has acknowledged the legitimacy of such offspring since their inception." Since Alice became twenty-one years old on July 2, 1972, the temporary support order was reduced to the payment of $30 per week, plus a $225 arrearage. Milton Watts was found in contempt of court on February 12, 1973, for failure to pay the weekly support obligation. By a stipulation dated March 12, the $650 arrearage was paid from funds held in trust for the parties.

Based on the pleadings and on the trial court's ruling of August 28, 1972, *Dunfey,* J., denied defendant's motion for blood tests dated March 23, 1973, in which he once again denied paternity of Dianne and Walter Watts.

The obligation to provide child support is recognized by the laws of this State as a fundamental facet of paternity. RSA 458:17 (Support of Children); RSA ch. 546-A (Uniform Civil Liability for Support); RSA 168-A:1 (Supp. 1973) (Uniform Act on Paternity, Obligations of the Father); *see* N.H. Judicial Council, Thirteenth

Biennial Report 36-37 (1970). Requiring parental support of children is deeply embedded in the reasonable policy that the financial burden should rest on the responsible individuals rather than on society at large insofar as possible. Uniform Act on Paternity § 1 (1960); 9 Uniform Laws Annot., 787, 790 (1973). Both legitimate and illegitimate children have the right to enforce the support obligation. *Gomez v. Perez,* 409 U.S. 535, 538 (1973); Uniform Parentage Act § 6 (a) (1) (1973); 9 Uniform Laws Annot. (Supp. 1975, at 187); RSA 168-A:1, 2 (Supp. 1973); *State ex rel. Patten v. Mitton,* 113 N.H. 26, 27, 300 A.2d 521, 522 (1973); *see* Note, *The Status of Illegitimates in New England,* 38 B.U.L. Rev. 299, 304-05 (1958).

Establishment of paternity is an essential prerequisite to imposing the obligation for child support. At common law a child born in wedlock was presumed to be an offspring of the marriage. *Saunders v. Fredette,* 84 N.H. 414, 416, 151 A. 820 (1930); *see* Annot., 46 A.L.R.3d 158, 171 (1972); Note, 38 B.U.L. Rev. 299, 301 (1958). In New Hampshire that presumption may be rebutted by clear and convincing evidence such as a blood test. *State v. Sargent,* 100 N.H. 29, 30, 118 A.2d 596, 597 (1955); *Groulx v. Groulx,* 98 N.H. 481, 484, 103 A.2d 188, 190 (1954).

Statutes in other jurisdictions permit paternity to be established through recognition of the child by writing or conduct. Cal. Civil Code § 230 (Deering 1971); H. Clark, Law of Domestic Relations § 5.2, at 160 (1968); *see* Uniform Parentage Act § 4 (a) (4), (5) (1973); 9 Uniform Laws Ann. (Supp. 1975, at 186); Krause, *The Uniform Parentage Act,* 8 Fam. L.Q. 1, 9 (1974). An individual voluntarily accepting parental responsibility may legitimize a child for purposes of providing support. H. Krause, Illegitimacy: Law and Social Policy 20 (1971); Annot., 33 A.L.R.2d 705, 748 (1954); *see* Uniform Parentage Act § 4 (a) (4) (1973); 9 Uniform Laws Ann. (Supp. 1975, at 186). Under the Uniform Parentage Act the presumption of paternity may be rebutted by clear and convincing evidence. Uniform Parentage Act § 4 (b) (1973); 9 Uniform Laws Ann. (Supp. 1975, at 186); *id.* § 11, at 189; *see* Uniform Act on Blood Tests to Determine Paternity § 1 (1952); RSA 522:1.

Basically, defendant contends that RSA 522:1 furnishes express statutory authority permitting him to request blood tests in order to rebut the presumption that Dianne and Walter are his children. RSA 522:1 provides that in a civil action in which paternity is a relevant fact the court may order the mother, child, or alleged father to submit to blood tests. While the prevailing rules permit both common law and statutory presumptions to be rebutted by

blood tests, those rules do not apply in a situation such as this one where defendant has acknowledged the children as his own without challenge for over fifteen years. *Commonwealth ex rel. Hall v. Hall,* 215 Pa. Super. 24, 29, 257 A.2d 269, 271 (1969); *Commonwealth v. Weston,* 201 Pa. Super. 554, 557-58, 193 A.2d 782, 783 (1963).

To allow defendant to escape liability for support by using blood tests would be to ignore his lengthy, voluntary acceptance of parental responsibilities. Although there is neither a New Hampshire statute nor case in point, the policy of the law in this State does not permit defendant to abandon his parental responsibilities at this late date. An analagous result is required by RSA 457:42 (Legitimation of Children, Marriage of Parents) which provides that if "parents of children born before marriage afterwards intermarry, and recognize such children as their own, such children shall be legitimate and shall inherit equally with their other children . . . ." *See* Annot., 33 A.L.R.2d 705, 751 (1954). The obligation to support inheres no less where a father has consistently recognized children as his own for a period of over fifteen years. *See State v. Cote,* 104 N.H. 345, 346, 186 A.2d 832, 833 (1962). The trial court's findings and rulings are supported by the record and are sustained.

*Defendant's exception overruled.*

DUNCAN, J., did not sit; the others concurred.