Cheshire
No. 6961

PERSIS A. McRae (Deyo) v. Dennis E. McRae

June 30, 1975

*Howard B. Lane,* by brief, for the plaintiff.

*Cristiano & Kromphold* and *Douglas F. Green,* by brief, for the defendant.

KENISON, C.J. The question in this case is whether an order for child support issued as part of a final divorce decree may be challenged almost four years after the date of the decree by a request for blood tests in a petition for modification. *See* RSA 522:1 (Blood Test to Determine Paternity). *Loughlin,* J., reserved and transferred the husband's exception to the denial of the petition.

Persis A. Deyo and Dennis E. McRae were married on May 4, 1965, in New Jersey, where Dennis was stationed with the United

States Army. Prior to joining the army Dennis was a resident of Keene, New Hampshire; his bride resided in the neighboring town of Gilsum. At the time of the marriage Persis was pregnant. Eight days after the marriage ceremony, Dennis was sent by the Army to Vietnam. About seven months later on December 23, Denise Ann McRae was born.

When Dennis returned from Vietnam in January 1967, Persis and the child, Denise, went to live with him in Virginia where they resided until Dennis was discharged from the Army in October 1968. They continued to live together as husband and wife in Keene, New Hampshire, from October 1968 to August 20, 1969, when Persis returned with the child to her family home in Gilsum as the result of marital difficulties.

On September 5, 1969, Persis petitioned for a divorce which was granted by the Court ( Morris, J.) on March 10, 1970. The divorce decree entrusted the custody of Denise to Persis and ordered Dennis to pay in "support of the minor child, the sum of $20.00 per week". On August 14, 1973, Persis petitioned for payment of support for the child which was in arrears $2,360, representing 118 weeks in which no support payments were made. By an order dated November 5, the Court ( Johnson, J.) directed Dennis to pay $500 and increased the weekly child support payments from $20 to $25. The balance of the arrearage was forgiven.

On December 14, 1973, Dennis petitioned for a modification of the 1970 divorce decree, claiming that he recently discovered "reliable information" indicating that he was not the natural father of Denise and requesting the court to order the parties to submit to blood tests.

Orders for child support issued pursuant to a final decree of divorce are modifiable for a substantial change of circumstances since the date of the decree, as well as for circumstances existing at the time of the decree which were not presented to the court. RSA 458:17, :32 (Orders for Support-Modification); Damon v. Damon, 111 N.H. 162, 163, 276 A.2d 920, 921 (1971). The party seeking modification of the decree must establish that continuance of the original support provision is improper and unfair. Collette v. Collette, 108 N.H. 469, 470, 238 A.2d 598, 599 (1968). In his petition for modification the husband challenges the propriety of the original support order by alleging that blood tests of the parties may reveal that he was not the father of the child. It is the husband's contention that the continuing jurisdiction of the court to modify decrees in divorce proceedings and the broad language of RSA 522:1 justify an

order directing the parties to submit to blood tests. *Stritch v. Stritch,* 106 N.H. 409, 411, 213 A.2d 426, 427 (1965); *Cowles v. Cowles,* 80 N.H. 530, 531-32, 120 A. 76, 77 (1923); RSA 458:32.

RSA 522:1, New Hampshire's version of the Uniform Act on Blood Tests to Determine Paternity, specifies that "[i]n a civil action, in which paternity is a relevant fact, the court . . . upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to blood tests." While the language of RSA 522:1 is broadly phrased to include seemingly any civil action in which paternity is a relevant fact, the permissible time period for requesting blood tests is not unlimited. Comment, 33 La. L. Rev. 646, 652 (1973); Ratimorszky, *Blood Tests in Paternity Cases,* 19 Clev. St. L. Rev. 491, 508 (1970); Uniform Act on Blood Tests to Determine Paternity, Prefatory Note No. 5 (1952). Delay in requesting the tests as well as failure to dispute paternity in a timely fashion may preclude application of the statute. Note, 50 N.C.L. Rev. 163, 170-72 (1971).

In this case the husband did not challenge paternity until more than three and one-half years after the final divorce decree was granted and almost five years after he had returned to Keene where he allegedly discovered the new "reliable information" that he might not be the natural father of Denise Ann. Nor was paternity disputed in August 1973 when Persis petitioned for payment of the support arrearage. To permit the husband to raise the question of paternity after an eight-year period of uninterrupted acquiescence, with several opportunities to raise the issue, would contravene the policy of this State's law to protect the child and the spouse from the belated resort to scientific proof in an effort to escape parental responsibility. *Watts v. Watts,* 115 N.H. 186, 337 A.2d 350 (1975).

*Defendant's exception overruled.*

All concurred.