Hillsborough
No. 7376

NORMA E. HANSEN

v.

WALTER O. HANSEN

May 29, 1976

*Stein, Gormley & Morrill (Mr. Morris D. Stein* orally) for the plaintiff.

*Winer, Lynch, Pillsbury & Howorth (Mr. Robert W. Pillsbury* orally) for the defendant.

*Leonard G. Velishka* pro se, as guardian ad litem for David S. Morin and Todd Michael Morin a/k/a Hansen, filed no brief.

LAMPRON, J.   Libel for divorce in which David Morin, born August 9, 1962, and Todd Hansen, born June 10, 1965, are alleged to be the children of the parties who were married December 1, 1967. Defendant denied in his answer that he was the father of either child. During the course of the hearing on the libel, the Trial Court *(Flynn,* J.) decided that there should be a guardian ad litem for the children, declared a mistrial, and appointed Leonard

G. Velishka, Esq., as such guardian, who is now deceased and has been succeeded by Roger L. Gauthier, Esq., since the matter was argued in this court. Joseph E. Morin whose name appears as the father of David Morin on the official birth record was made a party to these proceedings. No one is named as father on the birth record of Todd Hansen.

A motion by the guardian that Joseph E. Morin, Norma E. Hansen and David Morin be ordered to submit to a blood test to determine the paternity of David was granted. Another motion by the guardian that Norma E. Hansen, formerly Morin, Walter O. Hansen and Todd Michael Morin a/k/a Todd Michael Hansen be ordered to submit to a blood test for purposes of determining the paternity of this child was granted. Defendant excepted to the granting of these motions and his exception was reserved and transferred.

There is no transcript of the proceedings nor any agreed statement of facts by the parties involved. The defendant's brief recites certain matters pertaining to a marriage between Joseph E. Morin and Norma E. Morin, the plaintiff in this case, and to allegations and orders made in a divorce proceeding which ended their marriage. However, the plaintiff takes the position in her brief that the issue before us, that is, the authority of the trial court to order blood tests to determine the paternity of the two children, should be decided solely on the allegations which appear in the pleadings contained in the transferred case.

The defendant, Walter O. Hansen correctly takes the position that the orders of the trial court requiring the blood tests could not be based on the provisions of RSA ch. 168 (Maintenance of Bastard Children) repealed Laws 1971, 530:2, nor on the provisions of its successor, RSA ch. 168-A (Supp. 1975) (Uniform Act on Paternity). Under both of these Acts, proceedings to establish paternity are to be commenced within one year of the date of the birth of the child in question. RSA 168:1; RSA 168-A:12 (Supp. 1975). As there is no evidence that such proceedings were commenced within the time limits pertaining to the paternity of either child, the trial court's orders requiring blood tests cannot be bottomed on those statutes.

The plaintiff properly points to RSA 522:1 as the source of the power of the trial court to order the blood tests in cases such as this. It provides in pertinent part as follows: "In a civil action in which paternity is a relevant fact, the court, upon its own initiative or upon suggestion made by or on behalf of any person whose

blood is involved may, or upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to blood tests . . . ."

However, this court in *McRae v. McRae,* 115 N.H. 353, 355, 341 A.2d 762, 763 (1975), held as follows: "While the language of RSA 522:1 is broadly phrased to include seemingly any civil action in which paternity is a relevant fact, the permissible time period for requesting blood tests is not unlimited. Delay in requesting the tests as well as failure to dispute paternity in a timely fashion may preclude application of the statute." (Citations omitted.) Voluntary acceptance of parental responsibility for the child is also a factor in deciding whether a blood test should be ordered. Whether or not the child was born in wedlock is also a consideration. *Watts v. Watts,* 115 N.H. 186, 188, 337 A.2d 350, 352 (1975).

In view of the above it is evident that the facts alleged in defendant's brief would be material in determining the validity of the orders for blood tests to determine the paternity of David Morin. The birth certificate of David Morin born August 9, 1962, states that Joseph Ernest Morin is the father of David. Norma Morin now Hansen, the plaintiff, married Joseph E. Morin November 10, 1949. In a libel for divorce dated November 22, 1963, Norma alleged that Joseph was the father of David then 15 months old. She was granted his custody by a decree of divorce dated May 5, 1964, and Joseph was ordered to pay $45 per week for David's support which he continued to pay to Norma until May 1975. *Watts v. Watts,* 115 N.H. 186, 187, 337 A.2d 350, 352 (1975).

Todd Hansen, the other child involved, was born on June 10, 1965. The plaintiff Norma and the defendant, Walter, were married December 1, 1967. In answer to the present libel filed January 10, 1975, the defendant denies that he is the father of the child. Defendant states in his brief that no father is named on the child's birth certificate.

Establishment of the paternity of each of these children is very important to their welfare. It establishes the right and imposes the obligation of their support during their minority. *Watts v. Watts supra.* Their guardian ad litem must determine what is the best means of establishing their paternity. Is it the proof of a voluntary acceptance of parental responsibility by an individual; the establishment of an estoppel by one charged with the paternity because of his failure to question it after a substantial period of

uninterrupted acquiescence; or a blood test, if available? *McRae v. McRae supra.*

We are of the opinion that the paternity of these two children is too vital an issue to be decided on the pleadings only in this divorce libel. This is especially true when facts which could establish their paternity otherwise, at least for purposes of support, have been brought to our attention by one of the parties. However, all parties should have an opportunity to explore the areas in question. Consequently the orders for blood tests are hereby suspended and the matter is remanded to the trial court to reconsider in the light of the legal principles enunciated in this opinion and whatever evidence may be presented by the parties and the guardian ad litem.

*Remanded.*

All concurred.