Hillsborough
No. 79-015

NORMA E. HANSEN

v.

WALTER O. HANSEN

ROGER L. GAUTHIER, GUARDIAN AD LITEM

June 20, 1979

474

*Stein & Gormley,* of Nashua (*Arthur O. Gormley, Jr.,* orally), for the plaintiff.

*Winer, Lynch & Pillsbury,* of Nashua (*Robert W. Pillsbury* orally), for Walter O. Hansen.

DOUGLAS, J.   The defendant here excepted to the March 24, 1977 order of the Superior Court (*Loughlin,* J.) granting the plaintiff a divorce and declaring the defendant to be the father of the plaintiff's minor child, Todd Michael Morin (Hansen). In a later order, the court required the defendant to pay child support for Todd. The defendant also excepted to this order. We overrule his exceptions.

In *Hansen v. Hansen,* 116 N.H. 329, 330, 358 A.2d 409, 411 (1976), we held that the trial court's order requiring Walter Hansen to submit to blood tests "could not be based on the provisions of RSA ch. 168 . . . nor on the provisions of its successor, RSA ch. 168-A" because the proceedings to establish paternity were not brought within the time limits specified by those statutes. We remanded the case to the trial court and commented that "[e]stablishment of [this child's] paternity . . . is very important to [his] welfare." 116 N.H. 331, 358 A.2d at 411.

The plaintiff was divorced from Joseph E. Morin on May 5, 1964. In her libel for divorce, she stated that David S. Morin, born August 9, 1962, was their child. Todd Michael Morin was born on June 10, 1965, and no father was named on his birth certificate. The plaintiff and the defendant intermarried on December 1, 1967. In her libel for divorce on the grounds of irreconcilable differences, the plaintiff alleged that the defendant was the father of both David and Todd. The defendant denied this allegation. The superior court found that the defendant fathered Todd but not David.

The defendant first argues that the superior court lacked jurisdiction to determine Todd's paternity. The plaintiff has raised the question of paternity as an ancillary question in a divorce proceeding under RSA ch. 458. RSA 458:16 IV (Supp. 1977) permits the superior

court to determine the temporary custody and maintenance of "any minor children of the marriage." In order to receive child support under this section, the plaintiff must prove that Todd is a child "of the marriage." Todd was born on June 10, 1965, two and one-half years before the parties' marriage. The plaintiff contends, however, that Todd is the defendant's legitimate child under RSA 457:42. RSA 457:42 provides that "[w]here the parents of children born before marriage, afterwards intermarry, and recognize such children as their own, such children shall be legitimate." A child can be legitimated under RSA 457:42 only when his natural parents intermarry.

Children deemed legitimate under this statute are "children of the marriage" for purposes of child support under RSA ch. 458. We have previously stated that "[e]stablishment of paternity is an essential prerequisite to imposing the obligation for child support." *Watts v. Watts*, 115 N.H. 186, 188, 337 A.2d 350, 352 (1975). Thus, in order to determine whether Todd is a child "of the marriage" whom the defendant should be ordered to support, the superior court was required to resolve the issue of Todd's paternity.

The defendant also alleges that the evidence was not sufficient to support the court's finding of paternity. There are various means of establishing paternity: "proof of a voluntary acceptance of parental responsibility by an individual; the establishment of an estoppel by one charged with the paternity because of his failure to question it after a substantial period of uninterrupted acquiescence; [the results of] a blood test." *Hansen v. Hansen*, 116 N.H. 329, 331–32, 358 A.2d 409, 411 (1976). *See also McRae v. McRae*, 115 N.H. 353, 341 A.2d 762 (1975); *Watts v. Watts*, 115 N.H. 186, 337 A.2d 350 (1975). The court may also consider any physical resemblance between the child and the putative father. *State v. Danforth*, 73 N.H. 215, 60 A. 839 (1905).

The record in this case supports the trial court's finding that the defendant is Todd's natural father. There was evidence presented, including the defendant's own testimony, from which the court could have concluded that Todd was conceived and born after the parties had intimate relations. There was evidence that the defendant paid for the hospital and medical bills at Todd's birth; that the defendant accepted the obligations of parenthood for a number of years; that the defendant knew of and consented to Todd's use of the last name Hansen; and that the defendant supported Todd as a member of his family. The court also relied on its observations of the physical resemblance of the child and the parties.

The defendant correctly contends that the trial court improperly considered the results of the blood tests to show the possibility of paternity. Blood tests may be used as evidence of paternity "[i]n a civil action, in which paternity is a relevant fact," RSA 522:1, if certain procedures are followed. RSA 522:2 requires that the experts who perform the tests "*shall* be called by the court as witnesses to testify to their findings and *shall* be subject to cross-examination by the parties." (Emphasis added.) "If the experts conclude that the blood tests show the possibility of . . . paternity, admission of this evidence is within the discretion of the court, depending upon the infrequency of the blood type." RSA 522:4. In this case, no experts were called to testify, and there was no evidence on the frequency of the blood type. Absent compliance with the statute, the evidence should not have been admitted.

Although the trial court erred in considering the result of the blood tests, we hold that there was sufficient other evidence presented through the testimony of the parties, the exhibits, and the court's observations of the parties, to support the court's finding that the defendant is Todd's natural father. Todd is therefore a child of the marriage of the parties. The trial court had authority under RSA ch. 458 to order the defendant to pay child support.

*Exceptions overruled.*

All concurred.