Hillsborough
No. 81-430

WILLIAM JOSEPH KINNEY

v.

SANDRA SIMMONS KINNEY

December 30, 1982

*Bielagus & Martina,* of Amherst (*Thomas F. Quinn* on the brief and orally), for the plaintiff, William J. Kinney.

*Henry F. Spaloss,* county attorney (*Robert J. Veiga,* assistant county attorney, on the brief and orally), for the defendant, Sandra S. Kinney.

BATCHELDER, J.  This case arises from a petition brought by the State of Idaho pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), RSA chapter 546, for reimbursement of benefits provided to the minor children of the plaintiff, William J. Kinney. Acting on that petition, the Superior Court (*Contas,* J.) ordered the plaintiff to pay twenty-five dollars per month to the State of Idaho until an arrearage of $3,719 was paid in full. The plaintiff appealed this order, presenting the following issues: (1) was the trial court without jurisdiction because of a support stipulation incorporated in a pre-existing divorce decree; (2) whether the trial court erred by relying solely on the allegations contained in the URESA petition; (3) whether RSA 546:20 required the trial court to grant a continuance under the circumstances of the case. We affirm.

William and Sandra Kinney were living in Hillsborough County until June 2, 1980, when Sandra moved to Idaho with their two children, Brandon and Jacob, who were five years old and one month old, respectively. Sandra received $3,719 from the State of Idaho in the form of Aid to Families with Dependent Children (AFDC) for the support of Brandon and Jacob during the first year of her Idaho residency. On July 2, 1980, William filed for a no-fault divorce in Hillsborough County which was granted on June 3, 1981. The parties' stipulation, incorporated in the decree, required William to pay $150 monthly for child support and $1,000 to Sandra for a property settlement, as well as to keep certain health and accident insurance in force for the benefit of the children. There were never any temporary support orders issued in connection with the divorce.

In August 1981, the Idaho Department of Health and Welfare filed a petition pursuant to that State's enactment of URESA (IDAHO CODE §§ 7-1048 through 7-1089) in the District Court of Latah County, Idaho. The petition alleged a duty of support owed by the plaintiff and a debt due of $3,719, *i.e.*, the amount of AFDC received by the Kinney children from June 1980 through June 1981. The Idaho Court determined that the plaintiff owed a duty of support under URESA and that the Hillsborough County Superior Court could obtain jurisdiction. IDAHO CODE § 7-1061. The necessary documentation and verified petition were then forwarded to the clerk of the Hillsborough County Superior Court, who docketed the matter and gave notice to Mr. Kinney. The clerk also sent notice to the county attorney because RSA 546:18 requires the county attorney to prosecute URESA cases on behalf of the obligee. (For an overview of the civil enforcement mechanism of URESA, *see* C. DOUGLAS, 3 NEW HAMPSHIRE PRACTICE: FAMILY LAW §§ 344-62, at 318-30 (1982)).

A hearing was held on the matter on October 21, 1981, in superior court, and the plaintiff appeared represented by counsel. Upon hearing the parties' arguments and reviewing their filings, the trial court ordered that the plaintiff pay twenty-five dollars per month through the New Fampshire Division of Welfare to the State of Idaho until Idaho is reimbursed in full for the $3,719 provided to his minor children.

The plaintiff's first contention on this appeal is that the court lacked jurisdiction under URESA, RSA ch. 546, to determine the issue of support because a divorce decree concerning support previously had been entered. The plaintiff asserts that his only support obligation is that set forth in the divorce decree.

The duties of support applicable under URESA are those "imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought." RSA 546:7. The plaintiff admits that he was present in New Hampshire during the period from June 1980 through June 1981, and he raises no issue as to the fact that his duty of support is governed by the laws of this State. *See* RSA 546:7.

Under the law of this State, there is a duty to provide support for minor children during the period of separation before a final divorce decree is entered. *Popik v. Popik*, 115 N.H. 668, 670-71, 348 A.2d 341, 343 (1975) (citations omitted). A support obligation is a duty owed a minor child. This obligation cannot be waived, or otherwise reduced, by a parent pursuant to a divorce agreement. *State of Maine ex rel. Fabian v. Fabian*, 116 N.H. 516, 518, 363 A.2d

1007, 1009 (1976). Mr. and Mrs. Kinney's stipulated agreement as to property and support did not affect the children's right to adequate support. Mr. Kinney had an obligation to support his minor children during the period in which the State of Idaho provided support. RSA 546:7. Therefore, the court below had jurisdiction under RSA chapter 546 to hear this matter because Mr. Kinney had a duty of support under New Hampshire law. See RSA 546-A:2, :3.

■ The plaintiff next argues that the trial court erred in relying only on the allegations in the State of Idaho's petition in making its order. However, it is unnecessary for us to address the trial court's reliance on the Idaho petition because Mr. Kinney's own testimony provided sufficient information for the court's decision. Because the purpose of URESA is to expedite matters of support enforcement in cases where the obligor is a considerable distance away from the obligee, it is possible that the obligee's case can be proved by cross-examination of the obligor by the prosecuting attorney or admissions of the obligor. W. BROCKELBANK, INTERSTATE ENFORCEMENT OF FAMILY SUPPORT 52 (F. Infausto 2d ed. 1971); see, e.g., Phillips v. Phillips, 336 Mass. 561, 563–64, 146 N.E.2d 919, 921 (1958).

Under New Hampshire law, Mr. Kinney had a duty to support his children. RSA 546-A:2 provides that "[e]very person whose income or other resources are more than sufficient to provide for his or her reasonable subsistence compatible with decency or health owes a duty of support . . . to his or her . . . child. . . ." Mr. Kinney admitted to being the father of Brandon and Jacob, and the record does not indicate that it was error for the trial court to order Mr. Kinney to pay twenty-five dollars per month to reimburse the State of Idaho.

■ Moreover, the financial affidavit upon which the trial court based its assessment of twenty-five dollars per month was the affidavit from the recent divorce proceedings, and the plaintiff admitted that his financial position had not changed significantly.

The plaintiff's final argument is that RSA 546:20 required the trial court to grant a continuance upon the plaintiff's request. Essential to this argument is the following statutory language:

> "If the obligee is not present at the hearing and the obligor denies owing the duty of support alleged in the petition or offers evidence constituting a defense the court, upon request of either party, shall continue the hearing. . . ."

RSA 546:20.

It is clear from the statute that the court must grant a continuance if the obligor, *i.e.*, Mr. Kinney, denies owing a duty of support or offers *evidence* constituting a defense and the obligee is not present. Upon review of the transcript, we find that Mr. Kinney admitted to a duty of support by acknowledging Brandon and Jacob as his children. In addition, he never offered evidence to show that he was *not* financially able to provide support. Therefore, we find that he offered no evidence constituting a defense. Moreover, when the trial court specifically inquired as to whether Mr. Kinney would stand on the financial affidavit of the divorce, he declined the opportunity to present new testimony about his financial ability to provide support. Because the plaintiff produced no evidence to support a defense to a URESA claim, it was not mandatory that the court grant a continuance under RSA 546:20. Finding no error, we therefore affirm the order of the trial court.

*Affirmed.*

All concurred.