EDNA A. (WEBB) WITHROW v. BOBBY GENE WEBB

No. 8028DC835

(Filed 7 July 1981)

**Evidence § 51; Parent and Child § 1.2— child custody and support—paternity issue raised—res judicata**

> The trial court properly denied defendant's motion for a blood test pursuant to G.S. 8-50.1 and properly determined that defendant's paternity had been previously adjudicated by the court where defendant could have raised the issue of paternity in the wife's action for alimony, custody, and child support; on the contrary, by verified answer, he admitted paternity and asked for custody; defendant did not appeal from the judgment entered finding that four children, among them the child in question, were born of the marriage between plaintiff and defendant; subsequently, in his own action for divorce, he alleged that the child in question was born of his marriage to plaintiff; the judgment in that action also found that the child in question was born of the marriage between plaintiff and defendant; and when defendant attempted five years later to raise the issue of paternity, he was barred from doing so by res judicata.

APPEAL by defendant from *Roda, Judge.* Judgment entered 28 May 1980, District Court, BUNCOMBE County. Heard in the Court of Appeals 30 March 1981.

This action was instituted in 1974 for alimony, child custody and support and for possession of the residence owned by the parties as tenants by the entirety. In that action, plaintiff alleged that one child was born of the marriage, to wit—Holly Lisa Webb, born 26 May 1966. By answer, defendant admitted the allegation, and, in his "further answer, defense and counterclaim" he asked "for custody of the minor child born of this marriage or reasonable visitation rights". Temporary order was entered in the matter on 10 May 1974 awarding custody of the child to plaintiff subject to the right of defendant to reasonable visitation with the child. Judgment was entered on 5 August 1975, finding both parents to be fit and proper persons for the custody of the child but placing the child in the custody of plaintiff, giving the plaintiff and the child possession of the home, providing for visitation by defendant with the child, and providing for $35 per week support for the child.

Prior to the entry of judgment, defendant filed an action for divorce. Plaintiff herein answered, denying his right to a divorce and counterclaiming for alimony, child support and custody and

possession of the house. Defendant filed an amendment to his complaint alleging that "there was one minor child born of said marriage, to wit: Holly Lisa Webb, born May 26, 1966." Judgment of divorce was entered 5 August 1975, and it contained a finding that "one child was born of the marriage of plaintiff and defendant, namely, Holly Lisa Webb"; born 26 May 1966.

On 11 April 1980, defendant filed a motion in the cause in the original action, alleging that plaintiff had stated that the child was not defendant's child but the child of her present husband, and asking that plaintiff and the child be required to submit to a blood-grouping test.

Plaintiff responded to the motion, denying its allegations and averring that the court had adjudicated the paternity of the child and defendant had admitted paternity in his own pleadings.

The court, ruling on the court file and arguments of counsel, dismissed the motion, concluding that the issue of paternity had been previously adjudicated by the court. Defendant appeals from this order.

*Gray, Kimel and Connolly, by David G. Gray, for plaintiff appellee.*

*Cecil C. Jackson, Jr., for defendant appellant.*

MORRIS, Chief Judge.

By his third assignment of error, defendant contends that the court erred in its second conclusion of law which is: "The defendant's motion for blood test pursuant to N.C. G.S. § 8-50.1 is dismissed; issue of paternity between defendant and the minor child, Holly Lisa Webb, having been previously adjudicated by the court." We disagree. We think *Williams v. Holland,* 39 N.C. App. 141, 249 S.E. 2d 821 (1978), is dispositive of the question raised. There the plaintiff initiated an action in district court seeking to have defendant ordered to pay arrearages under a Nevada court order in a divorce action and for modification of the support order necessitated by a change in circumstances. The Nevada court had ordered defendant to make certain payments for the support of the parties' child. Defendant moved for an order requiring that plaintiff submit herself and the child for blood-grouping tests as provided for by G.S. 8-50.1. Plaintiff responded

contending that the defendant's request for blood-grouping tests was barred by *res judicata* and estoppel. We noted that *Wright v. Wright*, 281 N.C. 159, 188 S.E. 2d 317 (1972), had held that the portion of G.S. 8-50.1 applicable to criminal actions providing that the blood-grouping tests could be ordered in any criminal action "in which the question of paternity arises" also applied to civil actions.[1] We said in *Williams v. Holland*, supra:

> Thus, before a court is required to order a blood-grouping test in a civil action, the question of paternity must arise. If defendant in this case is barred by *res judicata* or estoppel from raising the issue of paternity as plaintiff contends, the statutorily imposed obligation of the court to order that the parties submit to blood-grouping tests never arose, and it was error for the court to enter such order.

39 N.C. App. at 143, 249 S.E. 2d at 823.

We found the Nevada order to be based on in personam jurisdiction, and entitled to full faith and credit. *See Brondum v. Cox*, 30 N.C. App. 35, 226 S.E. 2d 193 (1976), aff'd. 292 N.C. 192, 232 S.E. 2d 687 (1977). In holding that defendant was barred by the principle of *res judicata* from putting paternity in issue, we said:

> That a judgment rendered by a court having jurisdiction to do so finding paternity to exist bars the relitigation of that issue by the parties to the original judgment is a well established rule of law in other jurisdictions that have considered the question. *Adoption of Stroope*, 232 Cal. App. 2d 581, 43 Cal. Rptr. 40 (1965); *Peck v. Superior Court*, 185 Cal. App. 2d 573, 8 Cal. Rptr. 561 (1960); *Peercy v. Peercy*, 154 Colo. 575, 392 P. 2d 609 (1964); *Sorenson v. Sorenson*, 254 Ia. 817, 119 N.W. 2d 129 (1963); *Dornfeld v. Dornfeld*, 200 App. Div. 38, 192 N.Y.S. 497 (1922); *Time v. Time*, 59 Misc. 2d 912, 300 N.Y.S. 2d 924 (1969); *Arnold v. Arnold*, 207 Okla, 352, 249 P. 2d 734 (1952); *Byrd v. Travellers Insurance Co.*, 275 S.W. 2d 861 (Tex. Civ. App. 1955); *Johns v. Johns*, 64 Wash. 2d 696, 393 P. 2d 948 (1964); *E ___ v. E ___*, 57 Wis. 2d 436, 204

---

1. G.S. 8-50.1 now provides that "[i]n the trial of any civil action in which the question of parentage arises, the court before whom the matter may be brought, upon motion of the plaintiff, alleged-parent defendant, or other interested party, shall order that the alleged-parent defendant, the known natural parent, and the child submit to" blood-grouping tests.

N.W. 2d 503 (1973); *Limberg v. Limberg*, 10 Wis. 2d 63, 102 N.W. 2d 103 (1960). For a discussion of these and other cases that have considered this question, *see Annot.*, 65 A.L.R. 2d, 1381, pp. 1395-96.

*Williams v. Holland*, supra at 147, 249 S.E. 2d at 825-26.

Here defendant could have raised the issue of paternity in 1974 in the wife's action for alimony, custody, and child support. On the contrary, by verified answer, he admitted paternity and asked for custody. Nor did he appeal from the judgment entered finding that four children, among whom was Holly Lisa, were born of the marriage between plaintiff and defendant. Subsequently, in his own action for divorce, he alleged that Holly Lisa Webb was born of his marriage to plaintiff herein, and the judgment in that action also found that Holly Lisa Webb was born of the marriage between plaintiff and defendant. Five years later, he attempts to raise the issue of paternity. He is barred from doing so by *res judicata. Peercy v. Peercy*, 154 Colo. 575, 392 P. 2d 609, (1964); *McRae v. McRae*, 115 N.H. 353, 341 A. 2d 762 (1975), where the Court said:

> In this case the husband did not challenge paternity until more than three and one-half years after the final divorce decree was granted and almost five years after he had returned to Keene where he allegedly discovered the new "reliable information" that he might not be the natural father of Denise Ann. Nor was paternity disputed in August 1973 when Persis petitioned for payment of the support arrearage. To permit the husband to raise the question of paternity after an eight-year period of uninterrupted acquiescence, with several opportunities to raise the issue, would contravene the policy of this State's law to protect the child and the spouse from the belated resort to scientific proof in an effort to escape parental responsibility. *Watts v. Watts*, 115 N.H. 186, 337 A. 2d 350 (1975).

115 N.H. at 355, 341 A. 2d at 763-64, and Com. ex rel. *Palchinski v. Palchinski*, 253 Pa. Super. Ct. 171, 384 A. 2d 1285 (1978), where the Court said:

> In the instant case, the issue of paternity was decided at the August 3, 1973 support hearing. At that time, appellee had the opportunity to appear and assert his rights and defenses.

Although a copy of the notice of the hearing was sent to appellee's attorney, appellee chose to appear by himself and to enter into a consent agreement and court order to support both Stacie and Julie Palchinski. Moreover, at the time of the hearing, appellee, unlike the petitioner in *Nedzwecky*, had the opportunity to demand blood tests but he neglected to do so for three years. Appellee also failed to appeal from the original order of support. Therefore, *res judicata* would operate to foreclose a subsequent challenge on the issue of paternity.

253 Pa. Super. Ct. 175-76, 384 A. 2d 1287.

With respect to the question of estoppel, our Supreme Court in *Wright v. Wright*, supra, said by way of dictum that ". . . the putative father of the child conceived or born during wedlock should [perhaps] be estopped to raise the issue of paternity unless he does so within a fixed time," but that ". . . is a matter for consideration by the General Assembly," 281 N.C. at 172, 188 S.E. 2d at 326, having found that the record before the Court did not disclose facts sufficient to estop the defendant from raising the issue of paternity. *Accord Williams v. Holland*, supra. *See also Johnson v. Johnson*, 7 N.C. App. 310, 172 S.E. 2d 264 (1970), where Judge Vaughn, writing for the Court, expressed the view of other jurisdictions when he said:

We do not reach, nor do we imply, an affirmative answer to the question of whether this defendant's motion for a blood grouping test could have been allowed even if defendant had, by answer, denied paternity. In the light of the facts of this case, in which the defendant was married to plaintiff in 1959 and lived with her until November 1968, seven years after the birth of their daughter and four years following the birth of their son, common sense, public policy and overriding consideration for the welfare of innocent children would seem to dictate the contrary, despite the broad language of G.S. 8-50.1.

7 N.C. App. at 314, 172 S.E. 2d at 266-67. *See also Time v. Time*, 59 Misc. 2d 912, 300 N.Y. Supp. 2d 924 (1969); *Commonwealth v. Weston*, 201 Pa. Super. Ct. 554, 193 A. 2d 782 (1963); *McRae v. McRae*, supra. In this case the father has held himself out as the father of the child, asked for custody, insisted on visitation rights

and is certainly regarded by the child and the outside world as the father. Even if the principle of *res judicata* were not applicable, it would seem to us that to grant the motion for a blood-grouping test on this record, would open the door to unwarranted challenges of paternity, violate public policy, and clearly result in irreparable harm to the child whose parents appear to be bent on harrassing one another.

Finally, defendant contends that certain findings of fact are unsupported by evidence. This is quite true, since the judgment specifically relates that "[t]he court heard no oral evidence in this matter, ruled on the arguments of counsel and the record of the Court in the Court file." The matters of which defendant complains are clearly matters with respect to which the fact would be revealed by the official records and files in this matter which were before the court.

The order of the trial court denying defendant's motion for a blood-grouping test and finding plaintiff entitled to attorneys fees is

Affirmed.

Judges MARTIN (Harry C.) and HILL concur.