MICHAEL DWIGHT JONES, Plaintiff-Appellee v. MAYUMI J. PATIENCE, Defendant-Appellant

No. COA95-270

(Filed 6 February 1996)

1. **Parent and Child § 19 (NCI4th)— custody dispute between parents and non-parents—ruling applied retroactively**

    The Supreme Court's ruling in *Petersen v. Rogers*, 337 N.C. 397, should be applied retroactively to ensure appropriate custody and visitation rulings.

    **Am Jur 2d, Parent and Child §§ 23 et seq.**

2. **Illegitimate Children § 52 (NCI4th); Divorce and Separation § 377 (NCI4th)— child born during marriage— presumed product of marriage—presumption not rebutted—standing of plaintiff to seek visitation rights**

    In the context of a custody dispute between the mother and her husband or former spouse concerning a child born during their lawful marriage, the marital presumption that such child is the product of the marriage is rebuttable only upon a showing that another man has formally acknowledged paternity or has been adjudicated to be the father of the child; in this case the

marital presumption had not been rebutted, the trial court erred in finding otherwise, and plaintiff thus had standing under N.C.G.S. § 50-13.1(a) to seek visitation rights with the child.

**Am Jur 2d, Bastards § 48; Divorce and Separation §§ 1098-1100.**

3. **Divorce and Separation § 377 (NCI4th)— plaintiff as presumed father—Petersen presumption inapplicable—best interests of child standard appropriate**

The presumption of *Petersen v. Rogers*, 337 N.C. 397, as to custody disputes between parents and those who are not natural parents did not apply in this case since plaintiff, as presumed father, was the parent of the child; accordingly, the trial court did not err by applying the "best interests of the child" standard in awarding visitation rights to plaintiff.

**Am Jur 2d, Divorce and Separation §§ 1143-1145.**

4. **Divorce and Separation § 378 (NCI4th)— child visitation— reliance on psychological evaluations—sufficiency of independent findings to support conclusions**

Even if the trial court erroneously relied on the findings of psychological reports, the court did not delegate the award of visitation rights to a third party where the court made independent findings of fact sufficient to support its conclusions that plaintiff was a fit and proper person for visitation with the child and that visitation was in the best interests of the child.

**Am Jur 2d, Divorce and Separation §§ 1143-1145.**

5. **Appeal and error § 156 (NCI4th)— failure to make timely objection—no consideration on appeal**

Defendant failed to make timely objection to the introduction of psychological reports and to the testimony concerning their contents; therefore, the admission of the reports was not assignable as error.

**Am Jur 2d, Appellate Review §§ 84 et seq.**

6. **Divorce and Separation § 337 (NCI4th); Discovery and Depositions § 48 (NCI4th)— court ordered counseling for mother and child—authority of court to order**

If custody of the child had been adjudicated by the trial court, and in the absence of any pending motion in the cause, court

JONES v. PATIENCE

[121 N.C. App. 434 (1996)]

ordered counseling for defendant or the child was not supportable under N.C.G.S. § 1A-1, Rule 35 or in the exercise of the court's inherent authority; however, if custody had not been fully adjudicated, the court did possess authority to subject defendant and the child to court ordered counseling where it found animosity and hostility on the part of defendant which were potentially harmful and damaging to the child.

**Am Jur 2d, Depositions and Discovery §§ 282 et seq.; Divorce and Separation §§ 963 et seq.**

Appeal by defendant from orders entered 18 August 1994 and 1 November 1994 by Judge Jane V. Harper in Mecklenburg County District Court. Heard in the Court of Appeals 5 December 1995.

*Karro, Sellers, Langson & Gorelick, by Marshall H. Karro, and Lana P. Poynor, for plaintiff-appellee.*

*Edward P. Hausle, P.A., by Edward P. Hausle, for defendant-appellant.*

MARTIN, Mark D., Judge.

Defendant appeals from award of visitation rights to plaintiff and denial of defendant's motion for a new trial or altered judgment under N.C.R. Civ. P. 59.

The trial court's findings may be summarized as follows: plaintiff and defendant were married on 10 May 1981. Edward Michael Jones (child) was born during the marriage on 9 August 1989. Plaintiff, defendant, and the child lived together as a family unit. Plaintiff and defendant separated on 23 November 1991 and divorced on 19 July 1993.

Defendant knew, prior to the birth of the child, plaintiff was not the child's biological parent. Until early 1992 plaintiff believed he was the child's biological parent. For example, plaintiff was present at defendant's side during the delivery of the child; was involved in daily care and nurture of the child; and continued his relationship with the child after separation.

In February or March 1992, over two and one-half years after the child's birth, defendant advised plaintiff he was not the biological father of the child and unilaterally terminated plaintiff's visitation with the child.

JONES v. PATIENCE

[121 N.C. App. 434 (1996)]

On 18 August 1992 plaintiff filed a complaint seeking visitation with the child, alimony pendente lite, and equitable distribution. Based on the results of a voluntary blood grouping test which excluded plaintiff as the biological father, plaintiff alleged the child was born "out of wedlock." On 28 December 1992 defendant filed an answer and counterclaim seeking, in part, custody of the child. In her answer defendant asserted, "plaintiff is not the biological father of the child."

On 11 January 1993 the trial court issued an order resolving the issues of alimony pendente lite and equitable distribution. In that same order, the trial court, prior to awarding visitation, required the parties to submit to psychological evaluations. On 7 July 1993 the trial court granted temporary visitation to plaintiff and ordered periodic psychological evaluations of the child. The trial court also ordered plaintiff and defendant to submit to prospective psychological counseling as necessary.

On 18 August 1994 the trial court, conducting a "review of plaintiff's visitation privileges," found plaintiff had "not missed a scheduled visitation" during the preceding twelve-month period and, applying the best interests of the child standard, awarded visitation rights to plaintiff. In its order the trial court found as fact the child was born "out of wedlock." The trial court also found that blood grouping tests had excluded plaintiff as the biological father of the child.

The trial court further indicated, in its visitation order, defendant had represented to the court that Ed Greble was the biological father. The trial court found, however, that no blood grouping tests had been conducted to determine whether Greble was the father; that Greble had not executed an acknowledgement of paternity; and that the child's birth certificate had not been amended to reflect Greble as the biological father. Nevertheless, in the same order, the trial court directed defendant to "take appropriate steps to establish the paternity of the minor child so as to protect the child's legal rights."

On 23 August 1994 defendant filed a motion for a new trial or altered judgment under Rule 59. On 1 November 1994 the trial court denied defendant's Rule 59 motion.

On appeal defendant contends, among other things, that the trial court erred by: (1) awarding visitation rights to plaintiff in the absence of a finding that defendant is unfit to have custody of the child in violation of *Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901

(1995) and the First and Fourteenth Amendments to the United States Constitution; (2) delegating a judicial function by relying on psychological reports to support its conclusion visitation is in the best interests of the child; (3) admitting the psychological reports into evidence in the absence of their preparers, thereby denying defendant's right of cross-examination; (4) requiring defendant to undergo psychological counseling after the trial court adjudicated the visitation action; and (5) denying defendant's motion for a new trial or altered judgment from the order granting visitation to plaintiff.

I.

**[1]** Defendant first contends the trial court erred by failing to give retroactive effect to the Supreme Court's ruling in *Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994).

It is well-settled that judicial decisions "are presumed to operate retroactively." *MacDonald v. University of North Carolina*, 299 N.C. 457, 462, 263 S.E.2d 578, 581, *reh'g denied*, 300 N.C. 380, —— S.E.2d —— (1980). Because *Petersen* clarifies an area of law, *Bivens v. Cottle*, 120 N.C. App. 467, 468, 462 S.E.2d 829, 830 (1995), we believe it should be applied retroactively to ensure appropriate custody and visitation rulings. Accordingly, we conclude the trial court erred by failing to give *Petersen* retroactive effect.

Based on *Petersen* and the First and Fourteenth Amendments to the United States Constitution, defendant alleges the trial court erred in awarding visitation to plaintiff where there was no finding defendant was unfit to have custody of the child.

Plaintiff, on the other hand, contends the child was born during the marriage and, therefore, under North Carolina law, he was presumed to be the child's father. Consequently, plaintiff argues granting reasonable visitation rights to him does not implicate *Petersen*, as he is not a stranger to the child, and, accordingly, visitation should be awarded in the best interests of the child.

A.

**[2]** At the outset we must determine whether plaintiff has standing to seek visitation with the child under N.C. Gen. Stat. § 50-13.1(a). Section 50-13.1(a) provides:

Any parent, relative, or other person, agency, organization or institution claiming the right to custody of a minor child may institute an action or proceeding for the custody of such child, as

hereinafter provided. Unless a contrary intent is clear, the word "custody" shall be deemed to include custody or visitation or both.

N.C. Gen. Stat. § 50-13.1(a) (1995).

The threshold question for our consideration is whether plaintiff is a "parent" under section 50-13.1(a).

North Carolina courts have long recognized that children born during a marriage, as here, are presumed to be the product of the marriage. *Eubanks v. Eubanks*, 273 N.C. 189, 197, 159 S.E.2d 562, 568 (1968); 3 ROBERT E. LEE, NORTH CAROLINA FAMILY LAW § 250 (4th ed. 1981). "[T]he presumption is universally recognized and considered one of the strongest known to the law." *In re Legitimation of Locklear*, 314 N.C. 412, 419, 334 S.E.2d 46, 51 (1985); 3 LEE, NORTH CAROLINA FAMILY LAW § 250. The marital presumption reflects the force of public policy which seeks to prevent "parent[s] from bastardizing [their] own issue." *State v. Rogers*, 260 N.C. 406, 408, 133 S.E.2d 1, 2 (1963).

The trial court found, in its visitation order, the child was born "out of wedlock." The trial court also found blood grouping tests excluded plaintiff as the child's biological father. Noting defendant contends Ed Greble is the biological father, the trial court nonetheless acknowledged: that no blood grouping tests had been conducted to determine whether Greble was the father; that Greble had not executed an acknowledgement of paternity; and that plaintiff remains listed as the natural father on the child's birth certificate.

We note, as the trial court properly recognized, that the marital presumption ordinarily may be rebutted by evidence of blood grouping tests excluding a putative father as the biological father. N.C. Gen. Stat. § 8-50.1(b1) (Cum. Supp. 1995); *Wright v. Wright*, 281 N.C. 159, 172, 188 S.E.2d 317, 326 (1972). Nevertheless, in the context of a custody dispute between the mother, and her husband or former spouse, concerning a child born during their lawful marriage, the marital presumption is rebuttable only upon a showing that another man has formally acknowledged paternity, see N.C. Gen. Stat. § 110-132 (1995), or has been adjudicated to be the father of the child, see N.C. Gen. Stat. § 49-12.1 (Cum. Supp. 1995). *Cf. In re Boyles v. Boyles*, 466 N.Y.S.2d 762, 765 (N.Y. App. Div. 1983) (spouse precluded from bastardizing child to further own self-interest in custody dispute); *Nelson v. Nelson*, 10 Ohio App. 3d 36, 39, 460 N.E.2d 653, 655 (1983) (court prevented illegitimation of child where, among other things, "child ha[d]

not been declared illegitimate by bastardy proceedings."). *See also Michael H. v. Gerald D.*, 491 U.S. 110, 124, 105 L. Ed. 2d 91, 106 (1988) (irrebuttable statutory presumption of paternity upheld because "Constitution protects the sanctity of the family"). To permit the marital presumption to be rebutted in this context, absent a determination that another man is the father of the child, would illegitimate the child in violation of the public policy of this State. *See Settle v. Beasley*, 309 N.C. 616, 621, 308 S.E.2d 288, 291 (1983) (child's "right[] to support, inheritance, and custody" and "mental health, outlook, attitude, and personality" may be directly affected by illegitimation); 1 ANN M. HARALAMBIE, HANDLING CHILD CUSTODY, ABUSE AND ADOPTION CASES § 3.02 (2d ed. 1987) (public policy prevents illegitimation "especially where there is no declaration of paternity by the natural father . . . .").

In the present case, there is no evidence another man has either been adjudicated the father of the child or acknowledged his paternity. Accordingly, the marital presumption—that plaintiff is the natural father of the child—has not been rebutted and the trial court erred in finding otherwise. The plaintiff thus has standing under section 50-13.1 to seek visitation rights with the child.

## B.

**[3]** As plaintiff has standing under section 50-13.1(a) to seek visitation rights, we must now determine whether the trial court erred in awarding visitation to plaintiff.

In *Petersen* the Supreme Court held that "in custody disputes between parents and those who are not natural parents . . . absent a finding that parents (i) are unfit or (ii) have neglected the welfare of their children, the constitutionally-protected paramount right of parents to custody, care, and control of their children must prevail." *Petersen*, 337 N.C. at 403-404, 445 S.E.2d at 905. Because plaintiff, as presumed father, is the parent of the child, the *Petersen* presumption, by its very definition, is not implicated in the present case. Accordingly, the trial court did not err by applying the "best interests of the child" standard, see *Phelps v. Phelps*, 337 N.C. 344, 354, 446 S.E.2d 17, 23, *reh'g denied*, 337 N.C. 807, 449 S.E.2d 750 (1994), and awarding visitation to the plaintiff.

We summarily reject defendant's contention that visitation between plaintiff and the child violates the First and Fourteenth Amendments to the United States Constitution.

## II.

[4] Defendant next alleges the trial court erred by delegating the award of visitation rights to a third-party by relying on psychological reports to support its conclusion that visitation is in the best interests of the child.

At the outset we note the scope of our review does not include the 7 July 1993 order because defendant only assigned error to the 18 August 1994 order. N.C.R. App. P. 10(a).

"[T]he award of visitation rights is a judicial function," which the trial court may not delegate to a third-party. *Brewington v. Serrato,* 77 N.C. App. 726, 733, 336 S.E.2d 444, 449 (1985), (citing *In re Custody of Stancil,* 10 N.C. App. 545, 552, 179 S.E.2d 844, 849 (1971)). In awarding custody the trial court's "order . . . must include findings of fact which support the determination of what is in the best interests of the child." N.C. Gen. Stat. § 50-13.2(a) (1995). This also applies to an order for visitation, which is a subset of custody. N.C. Gen. Stat. § 50-13.2(b); *see Clark v. Clark,* 294 N.C. 554, 575-576, 243 S.E.2d 129, 142 (1978) (explaining visitation is simply "a lesser degree of custody"). In addition, when awarding visitation the trial court must also include findings to support its determination the party awarded visitation is a "fit" person. *Montgomery v. Montgomery,* 32 N.C. App. 154, 157, 231 S.E.2d 26, 29 (1977).

In an order for custody, "where there is competent evidence to support a judge's finding of fact, a judgment supported by such findings will not be disturbed on appeal. [Even so, the] facts found must be adequate for the appellate court to determine that the judgment is substantiated by competent evidence." *Green v. Green,* 54 N.C. App. 571, 573, 284 S.E.2d 171, 173 (1981) (citations omitted).

We conclude, after careful review of the record, that even if the trial court erroneously relied on the findings of the psychological reports, the trial court, nevertheless, made independent findings of fact sufficient to support its conclusions that (1) plaintiff is a fit and proper person for visitation with the child; and (2) visitation is in the best interests of the child.

## III.

[5] Defendant further contends the trial court erred by admitting psychological reports into evidence in the absence of their preparers, thereby allegedly denying defendant's right of cross-examination.

The "scope of review on appeal is confined to a consideration of those assignments set out in the record on appeal." N.C.R. App. P. 10(a). Because defendant did not assign error to the 21 June 1993 hearing, our review is limited to the introduction of the psychological reports at the 28 July 1994 hearing.

The failure to object or make a timely objection "to the introduction of evidence is a waiver of the right to do so, and 'its admission, even if incompetent, is not a proper basis for appeal.' " *State v. Lucas*, 302 N.C. 342, 349, 275 S.E.2d 433, 438 (1981) (quoting *State v. Hunter*, 297 N.C. 272, 278-279, 254 S.E.2d 521, 525 (1979); see N.C.R. App. P. 10(b)(1).

Although the reports were never formally tendered, the transcript reveals testimony about their contents by both plaintiff and defendant and discussion of the reports by counsel and the trial court. The transcript reveals one objection by defendant concerning the reports. The objection was made <u>after</u> testimony by plaintiff on direct examination discussing the reports and their contents, <u>after</u> the admission of the reports into evidence by plaintiff, and <u>after</u> extensive testimony by the defendant on cross-examination about the contents of the reports. Further, the objection did not go to the admissibility of the reports but rather to defendant's testimony concerning the content of the reports. In the instant action, defendant failed to timely object to the introduction of the reports into evidence and to the testimony concerning their contents. Therefore, the admission of the reports is not assignable as error and we do not address the merits.

IV.

**[6]** Defendant also contends the trial court erred by ordering defendant to submit to psychological counseling and obtain periodic psychological assessments of the child.

This Court has previously upheld court-ordered psychiatric examinations of parent and child prior to final adjudication of custody, *see Williams v. Williams*, 29 N.C. App. 509, 510, 224 S.E.2d 656, 657, *disc. review denied*, 290 N.C. 667, 228 S.E.2d 458 (1976) (dismissing appeal as interlocutory, Court noting court-ordered psychiatric examination permitted under N.C. Gen. Stat. § 1A-1, Rule 35), and visitation rights, *see Rawls v. Rawls*, 94 N.C. App. 670, 676-677, 381 S.E.2d 179, 183 (1989) (affirming court-ordered consultation with psychiatrist or psychologist as exercise of inherent judicial authority premised upon court's statutory duty to promote interest and welfare of child).

In its 18 August 1994 order the trial court found the "animosity and hostility" of defendant were "potentially harmful and damaging to the child" and ordered defendant to "continue to receive [psychological] counseling . . . . Her counselor . . . is to provide a report to [the trial court after six months from the entry of the order detailing her progress]."

In the present case, assuming custody of the child has been adjudicated by the trial court, and in the absence of any pending motion in the cause, we do not believe court-ordered counseling for defendant or the child is supportable under Rule 35 or in the exercise of the trial court's inherent authority.[1] If custody has not been fully adjudicated, however, it is clear the trial court possesses authority to subject defendant and the child to court-ordered counseling. *Id.* We therefore remand for application of these guidelines to the record before the trial court.

## V.

Defendant also contends the trial court erred by denying her Rule 59(a) motion for a new trial or altered judgment from the 18 August 1994 order which granted visitation to plaintiff. Defendant contends the trial court should have granted her a new trial under subsections (8) and (9) of the rule.

Under Rule 59 the trial court may grant a new trial for "(8) [an e]rror in law occurring at the trial and objected to by the [movant]," or "(9) [a]ny other reason heretofore recognized as grounds for new trial." The trial court may also amend its findings of fact and conclusions of law. N.C. Gen. Stat. § 1A-1, rule 59(a) (1990).

In *Eason v. Barber*, 89 N.C. App. 294, 365 S.E.2d 672 (1988), this Court held where the trial court commits an error of law, the movant is entitled to a new trial. However, on appeal, where the trial court's ruling is correct upon any theory of law, the judgment of the lower court stands. *Payne v. Buffalo Reinsurance Co.*, 69 N.C. App. 551, 555, 317 S.E.2d 408, 411 (1984).

---

1. The record before this Court does not reflect adjudication of defendant's counterclaim for custody. It is beyond question, however, that the existence of prospective "animosity or hostility" on the part of either party, after entry of any custody or visitation decree, may subsequently be used to establish a change of circumstances sufficient to justify modification of custody or visitation as necessary to protect the best interests of the child. See *In re Jones*, 62 N.C. App. 103, 106, 302 S.E.2d 259, 261 (1983).

WILLOUGHBY v. BD. OF TRUSTEES OF STATE EMPLOYEES' RET. SYS.

[121 N.C. App. 444 (1996)]

The trial court denied defendant's Rule 59 motion on the grounds that (1) *Petersen* did not apply retroactively; (2) the law was applied correctly; (3) defendant failed to object to plaintiff's standing as the child's non-biological father; and (4) plaintiff was married to defendant at the time of the child's birth and was not a stranger to the child within the meaning of *Petersen*.

Because we have determined *Petersen* applies retroactively, we likewise conclude the trial court erred in denying defendant's Rule 59 motion on that ground. Nevertheless, we affirm the trial court's denial of defendant's Rule 59 motion as we hold the trial court's ruling does not implicate *Petersen*. *See Phelps*, 337 N.C. at 354, 446 S.E.2d at 23.

We have carefully reviewed defendant's remaining assignments of error and find them to be without merit.

Affirmed in part, reversed in part, and remanded.

Judges GREENE and McGEE concur.