BRYAN TATE HELMS, Plaintiff v. ANGELIQUE LANDRY, Defendant

No. COA08-33

(Filed 6 January 2009)

**1. Appeal and Error— preservation of issues—no objection at trial**

The issue of whether sufficient evidence existed for the trial court to find that plaintiff was the biological father of the minor child was not preserved for appellate review where the trial court was not presented with a timely request, objection, or motion.

**2. Paternity— motion for test—erroneously denied**

The trial court erred by not granting defendant's motion for a paternity test where plaintiff and defendant were never married and plaintiff never obtained a judicial judgment of paternity and never acknowledged paternity by signing an affidavit of paternity.

Judge JACKSON concurring in part and dissenting in part.

Appeal by defendant from order entered 13 September 2007 by Judge Christy T. Mann in Mecklenburg County District Court. Heard in the Court of Appeals 20 August 2008.

*Thurman, Wilson & Boutwell, P.A., by John D. Boutwell, Esq., for plaintiff-appellee.*

*Angelique Landry pro se.*

BRYANT, Judge.

Defendant appeals from an order denying defendant's motion for a paternity test and waiving parent education and custody mediation. For the reasons stated herein, we reverse the trial court's order.

The record evidence shows the minor child was born 27 August 1999 to defendant. Defendant and plaintiff were dating around the time defendant became pregnant but never married. The initial complaints for custody were filed in June and July 2001. Each party filed a separate complaint and neither party answered the complaint of the opposing party. The trial court combined the cases. In her complaint, defendant requested the following relief: "(1) custody/visitation of the minor child awarded to defendant; (2) that plaintiff be ordered to pay reasonable child support; (3) that plaintiff be taxed with the cost

of the action; and (4) that plaintiff have and recover such other and further relief as the court may deem just and proper." In his complaint seeking child custody, plaintiff asserted that the parties were never married, but they are the parents of the minor child and that no other persons other than plaintiff and defendant would claim custody of the minor child. Plaintiff requested joint primary care, custody, and control of the parties' minor child.

On 29 January 2002, the trial court signed an order in which it found that the plaintiff and defendant "are the biological father (Plaintiff) and mother (Defendant) of the minor child . . . ." The trial court concluded that "[defendant] is a fit and proper person to be given permanent legal and physical custody of the minor child." "[Plaintiff] is entitled to visitation of the minor child . . . [and] has an obligation to pay permanent child support . . . ." Three and one-half years later, on 12 July 2005, the trial court entered an order in which it concluded a substantial change in circumstances had occurred, and at least temporarily, the minor child should live primarily with plaintiff. On 28 December 2005, the trial court entered an order granting permanent legal and physical custody of the minor child to plaintiff, with defendant receiving visitation.

On 3 July 2007, defendant filed a motion for proof of paternity. Defendant asserted that plaintiff never acknowledged paternity by signing a "Father's Acknowledgment of Paternity" (under N.C. Gen. Stat. § 110-132(A)), or an "Order of Paternity." Defendant asserted that plaintiff neither legitimated the minor child pursuant to N.C.G.S. § 49-10 nor sought a judicial determination of paternity as provided for in N.C. Gen. Stat. § 49-14.

In an order entered 13 September 2007, the trial court found that defendant presented no basis for an order requiring a DNA test, that defendant's motion for paternity testing is not timely filed, and has no basis in law or in fact. The trial court ordered that defendant's motion to have DNA testing in the matter be dismissed with prejudice. Defendant appeals.

---

On appeal, defendant raises the following two issues: (I) did the trial court err by allowing plaintiff to claim to be the biological father of defendant's son without a mother's affirmation of paternity, with no proof of paternity, and no action legitimating the minor child; and (II) is defendant entitled to a paternity test when there is no prior litigation of paternity and defendant contests paternity of plaintiff.

**HELMS v. LANDRY**

[194 N.C. App. 787 (2009)]

*I*

**[1]** On appeal, defendant argues there was insufficient evidence for the trial court to find that plaintiff was the biological father of the minor child. This finding was initially made in a trial court order authorized on 24 January 2002 and has been referenced at each stage of the proceedings through September 2007 without objection. It was not until 2005, after she lost custody of the minor child, that defendant contested this finding.

We dismiss the first issue for failure to preserve a question for appellate review by presenting the trial court with a timely request, objection, or motion. *See* N.C. R. App. P. 10(b)(1) (2008); *see also Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.,* 362 N.C. 191, 195, 657 S.E.2d 361, 363 (2008) ("This Court has repeatedly emphasized that Rule 10(b) prevent[s] unnecessary new trials caused by errors . . . that the [trial] court could have corrected if brought to its attention at the proper time."). Accordingly, we dismiss the assignment of error.

*II*

**[2]** Next, defendant argues she is entitled to a paternity test where there is no prior litigation of paternity and the mother contests the paternity of the father. We agree.

Under North Carolina General Statute section 8-50.1(b1),

> In the trial of any civil action in which the question of parentage arises, the court shall, on motion of a party, order the mother, the child, and the alleged father-defendant to submit to one or more blood or genetic marker tests, to be performed by a duly certified physician or other expert.

N.C. Gen. Stat. § 8-50.1(b1) (2007). However, "when the issue of paternity has already been litigated, or when the father has acknowledged paternity in a sworn written statement[,]" this Court has held "the individual questioning paternity is estopped from re-litigating the issue." *Ambrose v. Ambrose,* 140 N.C. App. 545, 546, 536 S.E.2d 855, 857 (2000) (citations omitted); *Cf. Durham Cty Dep't of Social Services v. Williams,* 52 N.C. App. 112, 277 S.E.2d 865 (1981) (acknowledgment of paternity not accepted when not simultaneously supported by the mother's written affirmation of paternity). "In cases where the issue of paternity has not been litigated, however, or in cases where the alleged father has never admitted paternity, G.S. § 8-50.1 controls and the request for a paternity test will be allowed."

*Ambrose*, 140 N.C. App. at 546, 536 S.E.2d at 857; *see also Wright v. Wright*, 281 N.C. 159, 172, 188 S.E.2d 317, 326 (1972) (whether the putative father of a child conceived during wedlock should be estopped to raise the issue of paternity after some fixed time is a matter for consideration by the General Assembly).

In *Withrow v. Webb*, 53 N.C. App. 67, 280 S.E.2d 22 (1981), this Court affirmed the dismissal of a father's motion to compel a paternity test on the grounds of *res judicata* where the child was "born of the marriage between [the mother] and [the father,]" and the father previously admitted paternity and requested child support during an action for alimony, child support, and custody. *Id.* at 70, 280 S.E.2d at 25.

In *Jones v. Patience*, 121 N.C. App. 434, 466 S.E.2d 720 (1996), a mother informed her husband that he was not the father of her minor child and unilaterally terminated his visitation. *Id.* at 436, 466 S.E.2d at 721. A voluntary blood test excluded the husband as the child's father. *Id.* at 437, 466 S.E.2d at 721. Still, the husband filed a complaint seeking visitation. *Id.* On appeal, this Court held that the marital presumption the husband was the natural father of the child was not rebutted where no other man had formally acknowledged paternity. *Id.* at 440, 466 S.E.2d at 723. Therefore, the husband had standing to seek visitation. *Id.*

In *Ambrose*, a minor child was also born to a husband and wife during wedlock. *Ambrose*, 140 N.C. App. at 545, 536 S.E.2d at 856. After separating, the wife brought an action for child custody, child support, and past child support. *Id.* The husband requested a genetic test to establish the minor child's paternity. *Id.* at 546, 536 S.E.2d at 856. This Court held that "[the father] is not barred from contesting paternity because the issue had not been litigated and because defendant never formally acknowledged paternity in the manner prescribed by G.S. § 110-132." *Id.* at 548, 536 S.E.2d at 857.

Here, plaintiff and defendant were never married. Defendant asserted and plaintiff does not contest that plaintiff has never obtained a judicial judgment of paternity and never acknowledged paternity by signing an affidavit of paternity pursuant to N.C. Gen. Stat. § 110-132(a) ("[i]n lieu of or in conclusion of any legal proceeding instituted to establish paternity, the written affidavits of parentage executed by the putative father and the mother of the dependent child shall constitute an admission of paternity"). Now, defendant contests paternity.

Under N.C.G.S. § 8-50.1 (b1), "the court shall, on motion of a party, order the mother, the child, and the alleged father[] to submit to one or more blood or genetic marker tests . . . ." *Id.* We hold the trial court erred by failing to order the mother, the child, and the alleged father to submit to a paternity test upon the motion of the mother. Accordingly, we reverse and remand this issue to the trial court for entry of an order consistent with this opinion.

Reversed and remanded.

Judge ELMORE concurs.

Judge JACKSON concurs in part and dissents in part in a separate opinion.

JACKSON, Judge concurring in part and dissenting in part.

I concur in section *I* of the majority's opinion. However, I dissent from the majority's holding in section *II*. In the case *sub judice*, plaintiff's paternity was established judicially on 29 January 2002 by an order from the trial court. Defendant failed to appeal that order in a timely manner and failed to seek relief properly pursuant to the North Carolina Rules of Civil Procedure, Rule 60(b). Therefore, I would affirm the trial court's dismissal of defendant's motion for a paternity test.

North Carolina Rules of Civil Procedure, Rule 60 provides for the method of relief from a judgment or order. In pertinent part, Rule 60(b) provides that

[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

. . . .

(6) Any other reason justifying relief from the operation of the judgment.

*The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.* A motion under this section does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. *The procedure for obtaining any relief from a judgment, order, or proceeding shall be by motion as prescribed in these rules or by an independent action.*

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2007) (emphasis added).

In the case *sub judice*, on 29 January 2002, the trial court entered an order that found as fact "[t]hat the [p]laintiff and [d]efendant, who are not married and have never held themselves out as husband and wife, are the biological father ([p]laintiff) and mother ([d]efendant) of the minor child, namely Devon Helms, born on 8-27-99." The trial court's conclusions of law and decree also refer to plaintiff as the child's father. Defendant did not appeal from this order. Instead, on 3 July 2007, defendant filed a motion for proof of plaintiff's paternity.

Defendant's motion is well-beyond the one year limit to seek relief from a judgment or order pursuant to the reasons set forth in Rule 60(b)(1)-(3); it also is unreasonably late to seek relief pursuant to Rule 60(b)(6). *See* N.C. Gen. Stat. § 1A-1, Rule 60(b) (2007). Furthermore, defendant has not sought relief from alleged fraud on the court pursuant to an independent action within the meaning of Rule 60(b). *See id.*

Accordingly, I would hold that the trial court's judicial determination of plaintiff's paternity remains in effect pursuant to the order entered on 29 January 2002. Because defendant failed to challenge the trial court's order entered on 29 January 2002 pursuant to timely appeal, and because defendant failed to seek relief from the order pursuant to the North Carolina Rules of Civil Procedure, Rule 60(b), I would affirm the trial court's dismissal of defendant's improper and untimely motion.