BRYAN TATE HELMS, Plaintiff
v.
ANGELIQUE LANDRY, Defendant
No. COA09-473
Court of Appeals of North Carolina.
Filed December 22, 2009
This case not for publication
No brief filed for plaintiff-appellee.
Angelique Landry, pro se, for defendant-appellant.
CALABRIA, Judge.
Angelique Landry ("defendant") appeals an order dismissing her Motion for Relief from Judgment or Order pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (2007). We affirm.

I. Background
Defendant is the biological mother of a minor child ("the child"). Bryan Helms ("plaintiff") is the biological father of the child. On 29 January 2002, the trial court initially awarded custody of the child to defendant and granted visitation rights to plaintiff ("the original custody order"). On 28 December 2005, the trial court modified the order and granted custody to plaintiff and visitation rights to defendant ("the 2005 order").
On 4 January 2006, plaintiff filed a motion in the cause, alleging that defendant willfully failed to return the minor child to him on 2 January as required by the 2005 order. The trial court conducted a hearing on 10 January 2006 and thereafter found that "rather than return [the minor child] to his father, mother sent the minor child with his maternal grandmother . . . to Sarasota, Florida." The trial court concluded: "Defendant's visitation with the minor child . . . is suspended and she is to have no contact with said minor child unless the Union County, North Carolina Department of Social Services[1] is willing to supervise visitation. . . ."
On 8 March 2006, the trial court entered two contempt orders. Defendant was held in civil contempt for failure to follow the trial court's order of 10 January 2006 and was given the opportunity to purge if she: (1) complied with the suspension of visitation unless DSS was willing to supervise; (2) scheduled and participated in a mental health evaluation; (3) stopped initiating frivolous and bogus claims; and (4) paid plaintiff's reasonable attorney's fees. Defendant was also held in direct criminal contempt for defendant's outbursts during the civil contempt hearing.
On 15 September 2008, defendant filed a Motion for Relief from Judgment or Order pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(4), challenging the validity of the trial court's orders of 10 January 2006 and 8 March 2006. On 3 November 2008, a hearing was conducted on defendant's motion. After the hearing, the trial court dismissed defendant's motion for failure to state a claim upon which relief could be granted. Defendant appeals.

II. Writ of Certiorari
As an initial matter, we note that defendant has contemporaneously filed a petition for writ of certiorari regarding the trial court's orders of 10 January 2006 and 8 March 2006. "The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action. . . ." N.C.R. App. P. 21(a)(1) (2008). However, N.C.R. App. P. 21(c) provides that a party's "petition [for writ of certiorari] shall be filed without unreasonable delay[.]" Because defendant's petition for writ of certiorari was filed on 20 May 2009, more than three years after the orders from which defendant seeks review were entered, we decline to exercise jurisdiction in this case. Defendant's petition for writ of certiorari is denied.

III. Rule 60(b)(4)
Rule 60(b)(4) of the North Carolina Rules of Civil Procedure provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (4) The judgment is void." N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (2007). "Although Rule 60(b) contains the requirement that all motions made pursuant thereto be made `within a reasonable time,' the requirement is not enforceable with respect to motions made pursuant to Rule 60(b)(4), because a void judgment is a legal nullity which may be attacked at any time." Allred v. Tucci, 85 N.C. App. 138, 141, 354 S.E.2d 291, 294 (1987).
A Rule 60(b)(4) motion is only proper where a judgment is "void" as that term is defined by the law. A judgment will not be deemed void merely for an error in law, fact, or procedure. A judgment is void only when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered.
Burton v. Blanton, 107 N.C. App. 615, 616, 421 S.E.2d 381, 382 (1992).

IV. Standing
Defendant argues that the trial court erred in dismissing her Motion for Relief from Judgment or Order because plaintiff has not established paternity and therefore had no standing to either seek custody of the child or make a motion in the cause for contempt for violation of the custody order. We disagree.
Initially, we note that defendant failed to bring forth any argument regarding the issue of standing in her motion to the trial court. However, "[a]s is generally the case with issues impacting our subject matter jurisdiction, the issue of standing may be raised for the first time on appeal." Woodring v. Swieter, 180 N.C. App. 362, 366-67, 637 S.E.2d 269, 274-75 (2006)(citation omitted). Pursuant to N.C. Gen. Stat. § 50-13.1(a), "[a]ny parent, relative, or other person, agency, organization or institution claiming the right to custody of a minor child may institute an action or proceeding for the custody of such child, as hereinafter provided." N.C. Gen. Stat. § 50-13.1(a) (2007).
In Helms v. Landry, ___ N.C. App. ___, 671 S.E.2d 347 (2009), this Court held that plaintiff had not legally established his paternity of the child. Our Supreme Court recently reversed this decision, per curiam, for the reasons stated in the dissenting opinion of Judge Jackson. Helms v. Landry, ___ N.C. ___, ___ S.E.2d ___ (2009). Judge Jackson's dissent focused on the original custody order. The trial court found as fact "[t]hat the [p]laintiff and [d]efendant, who are not married and have never held themselves out as husband and wife, are the biological father ([p]laintiff) and mother ([d]efendant) of the minor child." Helms, ___ N.C. App. at ___, 671 S.E.2d at 350 (Jackson, J., dissenting). This finding had never been appealed or challenged pursuant to Rule 60(b). As a result, "the trial court's judicial determination of plaintiff's paternity remain[ed] in effect." Id.
Therefore, plaintiff, who has been judicially determined to be the biological father of the child, had standing to seek custody of the child and file a motion in the cause to enforce the custody order against defendant. This assignment of error is overruled.

V. 10 January 2006 Order
Defendant argues that the trial court erred by dismissing her motion for relief from the 10 January 2006 order for restricted visitation. We disagree.
N.C. Gen. Stat. § 50A-202(a) states:
[A] court of this State which has made a child-custody determination consistent with G.S. 50A-201 or G.S. 50A-203 has exclusive, continuing jurisdiction over the determination until:
(1) A court of this State determines that neither the child, the child's parents, and any person acting as a parent do not have a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships; or
(2) A court of this State or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State.
N.C. Gen. Stat. § 50A-202(a) (2007). While defendant makes numerous arguments regarding alleged errors of law and/or procedure in the trial court's 10 January 2006 order modifying the terms of defendant's visitation, none of these arguments in any way challenge the trial court's subject matter jurisdiction pursuant to N.C. Gen. Stat. § 50A-202(a). "Motions pursuant to Rule 60(b) may not be used as a substitute for appeal." Jenkins v. Richmond County, 118 N.C. App. 166, 170, 454 S.E.2d 290, 293 (1995)(citation omitted). Because defendant makes no argument challenging the trial court's subject matter jurisdiction to modify the custody arrangements between plaintiff and defendant, the trial court properly dismissed defendant's motion for relief from the 10 January 2006 order.

VI. 8 March 2006 Civil Contempt Order
Defendant argues that the trial court erred by dismissing her motion for relief from the 8 March 2006 civil contempt order. We disagree.
According to the civil contempt statute, N.C. Gen. Stat. § 5A-21:
(a) Failure to comply with an order of a court is a continuing civil contempt as long as:
(1) The order remains in force;
(2) The purpose of the order may still be served by compliance with the order;
(2a) The noncompliance by the person to whom the order is directed is willful; and
(3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.
N.C. Gen. Stat. § 5A-21 (2007). Therefore, the trial court "does not have the authority to impose civil contempt after an individual has complied with a court order, even if the compliance occurs after the party is served with a motion to show cause why he should not be held in contempt of court." Ruth v. Ruth, 158 N.C. App. 123, 126, 579 S.E.2d 909, 912 (2003) (citation omitted).
In the instant case, plaintiff filed a Motion in the Cause for Contempt of Court on the basis of defendant's failure to return the child to plaintiff as provided in the 2005 order. The trial court found as fact, in its 10 January 2006 order, that the child had been surrendered to the Sarasota, Florida Department of Social Services on 5 January 2006. Therefore, the trial court would have had no authority to find defendant in civil contempt for violating the terms of the visitation agreement found in the 2005 order when the matter came for a hearing on 8 March 2006.
However, the 2005 order also contained the following provision: "Decretal paragraphs 2(K), 3, 5 and 7 of the 2002 order remain in effect. Mother is particularly reminded of the contents of paragraph 3 . . . ." Paragraph 3 of the 2002 order provides:
All parties shall be concerned about all matters and things conducive to the promotion of the best interests and general welfare of the minor child. Neither of the parties shall undermine the affections of the minor child for the other party and each party shall encourage the minor child to establish and maintain a good relationship with all of the parties. Neither party shall speak ill of the other party to the minor child nor in the presence of the minor child. Additionally, each party shall encourage others to avoid making disparaging remarks about the other party to the minor child or in the presence of the minor child.

(emphasis added).
In its 8 March 2006 order finding defendant in civil contempt, the trial court did not indicate which specific provision of the 2005 order defendant violated. However, the trial court made, inter alia, the following finding of fact:
9. The Court considered the report of Mrna Tracy Dibble, a licensed clinical social worker . . . . Ms. Dibble reported that [the child] had stated that "his mother told him that the man he thinks of as his father is not really his father, but that mother's stepfather is the child's father." . . . Ms. Dibble also reported that after the minor child was taken to Florida by the maternal grandmother, he stated to her that his "Nanna made me say some things about my Dad." He stated in session that his Nanna asked him to say that his dad had touched his penis and that his dad and stepmother were going to kill him and make it look like an accident.
This finding of the trial court provides an adequate basis for determining defendant failed to comply with paragraph 3 of the 2002 order that was incorporated into the 2005 order. Therefore, the trial court had the authority to find defendant in continuing civil contempt. Because the trial court possessed the necessary authority to enter the contempt order, defendant's Rule 60(b)(4) motion was properly dismissed by the trial court.

VII. Conclusion
Defendant's petition for writ of certiorari was not filed in a timely manner and is therefore denied. Plaintiff had standing to seek custody of the child pursuant to N.C. Gen. Stat. § 50-13.1(a) (2007).___ The trial court had jurisdiction to restrict defendant's visitation of the child pursuant to N.C. Gen. Stat. § 50A-202(a) (2007). Because defendant was in continued willful violation of the 28 December 2005 order, the trial court had the authority to hold defendant in civil contempt. Therefore, defendant's Motion for Relief pursuant to Rule 60(b)(4) was properly dismissed.
Affirmed.
Judges HUNTER, Robert C. and GEER concur.
Report per Rule 30(e).
NOTES
[1] The Union County Department of Social Services will subsequently be referred to as "DSS".