IN THE MATTER OF J.S.L.

No. COA11-928

(Filed 7 February 2012)

**Termination of Parental Rights—paternity testing—motion erroneously denied**

> The trial court erred by denying respondent's motion for DNA paternity testing in a termination of parental rights case. Respondent contested paternity in his answer and nothing in the record showed that the question of paternity had ever been determined judicially or otherwise prior to the filing of the petition. Further, the court's subsequent termination of respondent's parental rights did not render the error non-prejudicial or moot as the order had collateral legal consequences.

Appeal by respondent from order entered 29 April 2011 by Judge John B. Carter in Robeson County District Court. Heard in the Court of Appeals 23 January 2012.

*No brief filed for petitioner-appellee or guardian ad litem.*

*Jeffrey L. Miller for respondent-appellant.*

McCULLOUGH, Judge.

The mother (hereinafter "petitioner") of J.S.L., a child born out of wedlock, filed a petition to terminate the parental rights of respondent, whom she alleged to be the biological father of J.S.L. Because no father was named on the birth certificate, petitioner also sought to terminate the parental rights of any possible unknown father. Respondent, *pro se*, filed an answer to the petition in which he denied paternity and moved for DNA paternity testing. The trial court subsequently appointed an attorney to represent respondent, and at the call

of the case for hearing, respondent's attorney renewed the request for paternity testing. The court denied the motion and proceeded to conduct the hearing upon the petition. The court filed an order on 29 April 2011 terminating respondent's parental rights to the child pursuant to N.C. Gen. Stat. § 7B-1111(5) and (7) (2011). Respondent filed notice of appeal on 17 May 2011 from the order terminating his parental rights. He filed the record on appeal and a petition for writ of certiorari in the event the notice of appeal did not adequately preserve an appeal from the order denying his request for DNA paternity testing. We allow the petition.

Respondent contends that the court erred by denying his motion for DNA paternity testing. We agree. N.C. Gen. Stat. § 8-50.1(b1) (2011) mandates that in "any civil action in which the question of parentage arises, the court *shall*, on motion of a party, order . . . blood or genetic marker tests, to be performed by a duly certified physician or other expert." *Id.* (emphasis added). "In cases where the issue of paternity has not been litigated . . . or in cases where the alleged father has never admitted paternity, G.S. § 8-50.1 controls and the request for a paternity test *will* be allowed." *Ambrose v. Ambrose*, 140 N.C. App. 545, 546, 536 S.E.2d 855, 857 (2000) (emphasis added). Respondent contested paternity in his answer, and nothing in the record shows that the question of paternity had ever been determined judicially or otherwise prior to the filing of the petition.

We further conclude that the court's subsequent termination of respondent's parental rights did not render the error non-prejudicial or moot. "A civil appeal is not moot when the challenged judgment may cause collateral legal consequences for the appellant." *In re A.K.*, 360 N.C. 449, 453, 628 S.E.2d 753, 756 (2006). Here, the court's order has collateral legal consequences; namely, termination of respondent's parental rights could form the basis for terminating respondent's parental rights to other children. *See* N.C. Gen. Stat. § 7B-1111(a)(9) (2011) (permitting termination of parental rights on the ground that "[t]he parental rights of the parent with respect to another child of the parent have been terminated involuntarily by a court of competent jurisdiction and the parent lacks the ability or willingness to establish a safe home"). If the court had ordered DNA paternity testing, and respondent had been excluded by such testing as being the father, then the court would have been required to dismiss the petition against respondent.

**IN RE J.S.L.**

[218 N.C. App. 610 (2012)]

We therefore reverse the order and remand to the district court for a new hearing where the district court shall order DNA testing to establish paternity. Our disposition renders it unnecessary to consider respondent's other three contentions.

Reversed and remanded.

Chief Judge MARTIN and Judge BRYANT concur.